**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JERRY LEWIS BEY,** <br> **Plaintiff,** <br> **v.** <br> **U.S. DEPARTMENT OF JUSTICE,** <br> **Defendant.** | **Civil Action No. 05-2241 (JGP)** <br> **(ECF)** |

**DEFENDANT'S MOTION TO ENLARGE TIME**
**TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

The defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for a forty-five (45) day enlargement of time up to and including February 13, 2006 to file a dispositive motion or otherwise respond to the complaint in this case. In support of its motion, defendant respectfully states as follows:

1. Defendant's answer is currently due December 28, 2005.

2. Plaintiff, a *pro se* prisoner, has sued the Department of Justice, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a), concerning his FOIA requests for information on himself and his organization, the Moorish Science Temple of America.[1/]

3. Defendant was just recently served with a copy of the complaint on November 28,

[1/] By way of the filing of this motion for extension of time, defendant does not waive its defenses, and specifically preserves all defenses including failure to exhaust administrative remedies, lack of jurisdiction, improper defendant, insufficient service of process, and failure to state a claim.


2005. Counsel for the defendant received a copy of the file on December 14, 2005. Accordingly, counsel is not in a position to respond to the complaint.

4. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[2/]

5. This is defendant's first motion for enlargement of time.

Wherefore, for all of the foregoing reasons, defendant respectfully requests a forty-five (45) day enlargement of time up to and including February 13, 2006 to answer or otherwise respond to the complaint in this case.

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

---

[2/] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

**CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution
P.O. Box 725
Edgefield, SC 29824

on this 23rd day of December, 2005.

____________________________________
DARRELL VALDEZ, D.C. Bar #420232
Assistant United States Attorney