UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2241 (JGP)<br>(ECF) |

**DEFENDANT'S FOURTH MOTION TO ENLARGE TIME
TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

The Defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for a four (4) day enlargement of time up to and including March 31, 2006 to file a dispositive motion or otherwise respond to the complaint in this case. In support of its motion, defendant respectfully states as follows:

1. Defendant's answer is currently due March 27, 2006.

2. Plaintiff, a *pro se* prisoner, has sued the Department of Justice, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a), concerning his FOIA requests for information on himself and his organization, the Moorish Science Temple of America.

3. Defendant has retrieved the relevant correspondence file, which is quite extensive, along with all documents provided to Plaintiff, and has forwarded the file to counsel for Defendant. The originating agency, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"), has also located the 1983 file at issue in this matter in the BATFE office in St.

Louis, MO, and has forwarded a copy to counsel for Defendant.  However, after a careful assessment of the file, it is apparent that the Defendant will be asserting multiple exemptions under the FOIA.  Maydak v. United States Dept. of Justice, 218 F.3d 670 (D.C. Cir. 2000) (the government must raise all of its exemptions during the District Court proceedings, otherwise it waives them).  Accordingly, Defendant needs additional time to complete a motion for summary judgment.

   4.  Four days will be needed as counsel for Defendant is concurrently completing an appellate brief in the case of Czekalski v. Mineta, 05-5221, which is due on Wednesday, March 29, 2006.

   5.  Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[1]

   6.  This is Defendant's fourth motion for enlargement of time.

Wherefore, for all of the foregoing reasons, Defendant respectfully requests a four (4) day enlargement of time up to and including March 31, 2006 to answer or otherwise respond to the complaint in this case.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Third Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution
P.O. Box 725
Edgefield, SC 29824

on this 27th day of March, 2006.

/s/ Darrell C. Valdez
DARRELL VALDEZ
Assistant United States Attorney