# <u>Jerry Lewis Bey v. Bureau of Alcohol, Tobacco, Firearms and Explosives</u>

## Case No. 05-2241

## Defendant's Exhibits  A-J

To: Department Of The Treasury                    Date: July 4,1997
    Bureau Of Alcohol, Tobacco And Firearms
    A.T.F. Area Supervisor / FOIPA Section
    815 Olive Street
    St. Louis, Missouri 63101

From: Sheikh Jerry Lewis Bey
      #22328-044
      U.S.P. Leavenworth
      P.O. Box 1000
      Leavenworth, Kansas 66048

Re:   FOIPA MATERIAL


Dear Sir:

       This request is for information maintained by the Alcohol,

Tobacco and Firearms Bureau (ATF) under the Freedom of

Information and Privacy Act on myself, Jerry Lewis Bey and my

religious organization, the Moorish Science Temple of

America(MSTof A), that I founded in the city of St. Louis, state

of Missouri, on October 1,1979. This request is pursuant to Title

5 U.S.C. Section 552 and the Privacy Act of 1974, Title 5 U.S.C.

Section 552(a).

       Sir, there exist investigative information gathered by

Special Agent Clark Young and Theodore J. Heitzler, of the ATF,on

myself and the (MSTA) throughout the 1980's and the early 1990's.

       Sir, in March 1986, agent Clark Young, applied for a Federal

Court order for pen register at the address 11882 San Remo, which

was an apartment inside the Country Side Apartment Complex. This

apartment was in the name of Tonya Brown Bey, who is also known

as Tonya Lewis Bey, my wife. Sir, agent Clark, stated in his

application for this pen-register, that I was the subject of

interest and this order was issued, and lasted until June of

1986.

**EXHIBIT A**

Sir, agent Young, also during this pen-register investigation, conducted visual surveillance at this apartment, as the ATF occupied an under-cover apartment, where video-surveillance was conducted and video-surveillance logs were kept, and that aerial surveillance was conducted by way of an ATF plane.

Sir, I'm at this time requesting pursuant to the FOIA Statue and asking that you search your automated indices to your central records system there in St. louis and copies of the court order, video tapes, video tape surveillance logs, the location to the under-cover apartment, and the order granting such apartment,and the amount of funds used in this operation, as well as the agent who conducted the aerial surveillance and any other information on filed relevant to this investigation.

Sir, Special agent  Heitzler, was also part of the investigative team, which gathered information that eventually led up to my January 9,1991 indictment and later my conviction. Agent Heitzler, interviewed government informant and later witness, Kerry Caldwell, concerning alleged criminal activity conducted by me and other members of the MSTA. Agent Heitzler, also interviewed another government cooperating individual, Fred Knox, on April 23,1990, and according to other investigative documents, Mr. Knox supplied information concerning criminal activity committed by me and other MSTA members.

(2)

Sir, according to this ivestigation, disclosed documents in my case, Agent Young and Heitzler, also was involved in administering poly-graph examinations to various individuals, some who later became government witnesses and testified at trial. Another ATF agent, Harley Starks, conducted various interviews during this investigation with cooperating indivisuals (CI) who supplied information against myself and other MSTA memebers, concerning criminal activity.

I'm also requesting pursuant to the FOIA statue, records of all interviews conducted by agent Heitzler and Starks with any and all individuals who supplied criminal information that I was alleged to have been involved. I'm also requesting copies of all poly-graph examinations given to these individuals. The search for the above information and any other, should include, but not be limited to every retrievable source, every system of records, including computers and government debriefing tapes, videos and phone records.

Sir, the Act, provides that you shall furnish me with non-exempt records and pursuant to these Acts, I shall expect within ten(10) working days upon receipt of this letter, a response. I thank you in advance for your time and concern in the above mentioned matters, I remain,

Respectfully yours,

Jerry Lewis Bey#22328-044
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, Kansas 66048

cc: file

AUG 14 1997

REFER TO: L:D:AG
97-1155

Sheikh Jerry L. Bey
Reg. #22328-044
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, Kansas  66048

Dear Mr. Bey:

This is to inform you that we are unable to process
your Freedom of Information Act (FOIA) request.  Under
the new provisions of the FOIA, all requesters must
identify a category under which their request should be
processed.  There are five "Categories of Requester"
and the fees for services are predicated on the
category under which the request is processed.

Before we can process your FOIA request, you must
identify which category your request falls under and
agree to pay costs associated with processing your
request.  Should you select a category other than
commercial use or you request a fee waiver, you should
state how you propose to use the information you are
seeking from this Bureau.

Enclosed is a list of the categories and an explana-
tion of the kinds of requests that fall within each
category, as well as the fees to be charged for each
category of request.  Also included is a section
dealing with fee waivers or reductions and Privacy Act
requests.  Individuals seeking access to their own
records must submit a notarized request in order to
gain maximum access.  With the exception of those
individuals whose records are criminal investigatory
records, all requesters should submit a Privacy Act
request to gain access to their own records (see Item
4 on the enclosure).

Sincerely yours,

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|------|-----------|----------|----------|----------|----------|----------|----------|
| SUR-NAME | | | Averill P. Graham Senior Disclosure Specialist | | | | |
| DATE | Enclosure | | | | | | |

ATF F1325.6A (4-87)
REPLACES 10-86 EDITION WHICH IS OBSOLETE

CORRESPONDENCE APPROVAL AND CLEARANCE

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

*U.S. Government Printing Office: 1996 - 405-418/45620

**EXHIBIT B**

.

Mr. Averill P. Grapham                                    August 27, 1997
Senior Disclosure Specialist
Department of The Treasury
Bureau Of Alcohol, Tobacco and Firearms
Washington, D.C. 20226

Reference Number: L:D:AC (97-1155)  FIND

Dear Mr. Graham:

Sir, this correspondence is in reference to your August 14, 1997 letter which you informed me that you would not be able to process my FOIA request, until I identify which category my request falls under and where I agree to pay cost associated with the processing of my request.

Sir, after reviewing the documents you sent, my request would fall under (2)(E) " All Other Requesters " category. This category contains records about me being a suspect in violating laws enforced by ATF. I have also been convicted under Title 18 U.S.C. 1962 Rico, which involved the use of firearms. see Category (4)(C), titled " Criminal Investigation Report System " which referred me to category (2)(E).

Sir, this FOIA request is pursuant to the " All Other Requester Category ", which is exempt from the access provisions of the Privacy Act of 1974, pursuant to Title 5, USC 552(a) (J)(2). This request is also pursuant to (4)(a), "Freedom of Information Request." I thank you in advance for your time and concern in this matter.

                                           Sincerely yours,

**RECEIVED**                               Mr. Jerry Lewis Bey
                                           #22328-044
SEP  9 1997                                P.O. Box 1000
                                           Leavenworth, Kansas 66048
DISCLOSURE DIVISION

                                                            **EXHIBIT C**



**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

SEP 23

*REFER TO: L:D:AG*
*97-1406*

*Mr. Jerry L. Bey*
*Reg. #22328-044*
*P.O. Box 1000*
*Leavenworth, Texas   66048*

*Dear Mr. Bey:*

*This is in further response to you Freedom of Information Act request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco and Firearms. We thank you for identifying the category in which your FOIA request should be processed. However, your letter did not indicate your agreement to pay all actual costs in excess of the FOIA provisions.*

*We estimate at this time that the cost to you for processing your FOIA request in excess of the FOIA provisions should not exceed $56.00.*

*We will take no action, until we have your firm agreement to pay the estimated costs associated with processing your request. If you have, any questions do not hesitate to write again, or call at (202) 927-8480. We look forward to assisting you in your endeavors.*

*Sincerely yours,*

*Averill P. Graham*
*Senior Disclosure Specialist*

**EXHIBIT D**

*I agree to pay*
*cty of per request*

Averill P. Graham
Department of The Treasury
Bureau of Alcohol, Tobacco And Firearms
Washington, D.C. 20226

September 29,1997

Re: L:D:AG
    97-1406

Dear Averill Graham:

I recieved your letter dated September 23,1997, where you informed me that I failed to indicate my agreement to pay all actual costs in excess of the FOIA provisions. You also stated that at this time, my cost for processing my FOIA request in excess of the FOIA provisions should not exceed $56.00.

It is my intention to agree to pay the estimated cost associated with your office processing my request. I will also pay what ever amount in excess of my FOIA reqest. I apologise, for my oversight in this matter and thank you again for your concern and time in this matter.

RECEIVED

OCT 1 0 1997

DISCLOSURE DIVISION

Sincerely yours,

Mr. Jerry Lewis Bey
#22328-044
U.S.P. Leavenworth
P.O.Box 1000
Leavenworth, Kansas 66048

On this 6th day of October 1997, before me personally appeared Jerry Lewis Bey, to me known as the person described herein,and who executed the foregoing letter and acknowledged that he executed the same as his free act and deed.

My Commission Expires: N/A

NOTARY PUBLIC

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED, TO
ADMINISTER OATHS (18 USC, 4004)

**EXHIBIT E**

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

OCT 2 0 1997          REFER TO:  L:D:AG
                                 97-1406

Mr. Jerry Lewis Bey
Reg. #22328-044
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, Kansas  66048

Dear Mr. Bey:

Your letter dated September 29, 1996 states your intention to agree to pay the estimated cost associated with processing your request.

The estimated cost of $56.00 covers search fees only, in excess of the provisions under the Freedom of Information Act (FOIA).  When records are retrieved, we can give you an estimate of copy costs in excess of the free 100 pages under the FOIA provisions.  However, we must have your firm agreement to pay all costs associated with processing your request before we initiate a search for responsive records.

If you have, any questions do not hesitate to write again.  We look forward to assisting you.

Sincerely yours,



Averill P. Graham
Senior Disclosure Specialist



**EXHIBIT  F**

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|------|-----------|----------|----------|----------|----------|----------|----------|
| SURNAME |  |  |  |  |  |  |  |
| DATE |  |  |  |  |  |  |  |

ATF F 9310.3A (7-97) (Formerly ATF F 1325.6A, which may still be used)

*U.S. Government Printing Office: 1997 - 418-001/64329

SELF
98-199

Mr. Averill P. Graham                                    October 25,1997
Department of The Treasury
Bureau of Alcohol,Tobacco And Firearms
Washington, D.C. 20226

Mr. Jerry Lewis Bey
#22328-044
U.S.P Leavenworth
P.O. Box 1000
Leavenworth, Kansas 66048

Re: L.D.AG   —C/P
    97-1406

Dear Mr. Averill:

Sir, I again recieved your letter dated October 20,1997, and you made me aware

that I have agreed to pay the estimated cost associated with the processing of

my request. I'm aware that the $56.00   covers   search   fees   only,   therefore

you  have  my" firm agreement" to pay  "all" costs  associated  with  the processing

of  my  request. I trust now, that your Bureau  can began  the  search  for  the

responsive records. Thank you again for your time and concern in this matter.


                                    Sincerely yours,

                                    Mr. Jerry Lewis Bey
                                    Mr. Jerry Lewis Bey


On this 27 day of October,1997, Mr. Jerry Lewis Bey, did appear before me.


My Commission Expires:      N/A

                                    NOTARY PUBLIC



cc: Files


AUTHORIZED BY THE ACT OF
JULY ?, ?? ?? ???????, TO
ADMINISTER OATHS (?C USC, 4004)


                RECEIVED

                NOV  5 1997

            DISCLOSURE DIVISION



                                    EXHIBIT G

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

NOV 24 1997

REFER TO: L:D:AG
98-199

Mr. Jerry Lewis Bey
Reg. #22328-044
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, Kansas    66048

Dear Mr. Bey:

This is in response to your Freedom of Information Act
(FOIA) request, request for a copy of, or access to,
records maintained by the Bureau of Alcohol, Tobacco
and Firearms.

We thank you for your firm agreement to pay all costs
associated with processing your FOIA request. However,
at this time we must deny your request pursuant to FOIA
Title 5, U.S.C. 552 (b)(7)(A) because release of these
records could reasonably be expected to interfere with
enforcement proceedings.

Insofar as your request has been denied you have the
right to file an administrative appeal by petitioning
the Assistant Director, Liaison and Public Information,
by letter.  The letter should state any arguments in
support of your request.  The letter must be received
within 35 days of the date of this letter.

Although you have the right to appeal, we suggest that
you resubmit your request when the 2255 motion has been
resolved.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Senior Disclosure Specialist

**EXHIBIT H**

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| SURNAME | | | | | | | |
| DATE | | | | | | | |

Department Of The Treasury                    April 4, 2000
Bureau Of Alcohol,Tobacco And Firearms
Attn: Mr. Averill P. Graham
Washington, D.C. 20226

Re: L:D:AG
    98-199

RECEIVED
APR 2 4 2000
BY: *Disclosure*

Dear Mr. Graham:

Sir, I'm writing this letter in regards to your last
correspondence on November 24, 1997 whereas you informed me that
my FOIA request was being denied at that time because release of
the records requested could reasonably be expected to interfere
with enforcement proceedings.

Sir, you also stated that you suggest that I resubmit my request
when my 2255 motion has been resolved. Sir, I have never filed
a 2255 motion and I have no intention on filing a 2255 motion.
I did file a Rule33 Newly Discovered Evidence Motion on January
8, 1997 and this motion was based on the integrity of the
prosecutors in my case.

Sir, The Department Of Justice (DOJ) has established a procedure
for expediting requests that the ATF has yet to contest, and
under this standard, FOIA requests may be processed expeditiously
if the information sought involves " questions about the
government's integrity." ( see Memorandum from United States
Department Of Justice, Office Of Public Affairs Dated Febuary 3,
1994).

Sir, I do hope that your office will reconsider my request and
began disclosure of my FOIA request and you still have my firm
agreement to pay all costs associated with processing my request.

                                    Sincerely yours,

                                    *Jerry Lewis Bey*
FILE # OO - 1499                    Jerry Lewis Bey
DUE FO-0583                         22328-044
                          AD        U.S. Penitentiary
        98 - 199                    P.O. Box 1000
          JLELF                     Leavenworth, Kansas 66048

                                              **EXHIBIT I**



**U.S. Department of Justice**

Office of Public Affairs

February 3, 1994

*Washington, D.C. 20530*

## ATTORNEY GENERAL RENO MOVES TO EXPEDITE EXCEPTIONAL FOIA REQUESTS

WASHINGTON, D.C. -- Attorney General Janet Reno said today that she has authorized a change in Justice Department procedures to expedite the handling of Freedom of Information Act requests in certain cases of extraordinary interest to the news media.

Current law permits only two exceptions to normal first-in, first out processing: when information is needed to prevent a threat to life or safety, or when a delay would result in the loss of substantial due process rights such as the chance to file a claim.

The Justice Department's Office of Information and Privacy began studying whether a third category could be added after the Attorney General in December and January inquired why it was taking so long to process FOIA requests for the U.S. Park Service and FBI reports on the death of Vincent Foster? The reports were completed in August.

Under the new procedure, approved on February 1, FOIA requests can be moved to the head of the line whenever the Justice Department's Director of Public Affairs expressly finds two things:

-- there exists widespread and exceptional media interest in the requested information; and

-- expedited processing is warranted because the information sought involves possible questions about the government's integrity which affect public confidence.

A memorandum communicating the Attorney General's new policy said "The goal of such expedited processing is to permit the public to make a prompt and informed assessment of the propriety of the government's actions in exceptional cases." However, it also cautioned that in some situations, especially involving active law enforcement investigations, the law may still prevent immediate disclosure no matter how quickly the request is processed.

The policy was implemented by a directive to Justice Department FOIA and Privacy Act coordinators from Richard L. Huff and Daniel J. Metcalfe, Co-Directors of the Office of Information and Privacy.   They were assisted by Peggy Irving.

##### #####

94-050



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Washington, D.C. 20530*

February 1, 1994

**MEMORANDUM**

TO:  All Department of Justice FOIA/PA Coordinators

FROM: Richard L. Huff
    Daniel J. Metcalfe
    Co-Directors

SUBJECT: Expediting FOIA Requests as a Matter of Agency
     Discretion to Promote Public Accountability

  As you are aware, many Department of Justice components are
unable to meet the FOIA's deadlines for responding to requests.
Following <u>Open America v. Watergate Special Prosecution Force</u>,
547 F.2d 605, 614-16 (D.C. Cir. 1976), those components process
their requests on a "first-in, first-out" basis, ordinarily tak-
ing requests out of order only when they satisfy one of the two
court-recognized grounds for expediting the processing of FOIA
requests: a threat to life or safety, or the loss of substantial
due process rights. <u>See FOIA Update</u>, Summer 1983, at 3.

  As a matter of agency discretion, the Attorney General has
determined that the Department of Justice will expedite the proc-
essing of a third category of FOIA requests, based upon the De-
partment's institutional interest in promoting public accounta-
bility. This category consists of those FOIA requests for which
the Director of Public Affairs expressly finds that:

    1. there exists widespread and exceptional media in-
terest in the requested information; and

    2. expedited processing is warranted because the in-
formation sought involves possible questions about the govern-
ment's integrity which affect public confidence.

  The goal of such expedited processing is to permit the pub-
lic to make a prompt and informed assessment of the propriety of
the government's actions in exceptional cases. It is recognized
that in some cases (e.g., those involving ongoing law enforcement
investigations) the Department's ability to disclose requested
records without harm to protectible interests will be greatly
limited. An expedited FOIA response in those cases will never-
theless provide the maximum public assurance possible through the

- 2 -

FOIA process.  All requests for expedited FOIA processing in this
new category should be forwarded to the Office of Public Affairs.

Finally, we suggest that future <u>Open America</u> declarations
should take cognizance of this third category when describing the
circumstances under which a component will expedite the process-
ing of a FOIA request.

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

JUN – 2 2000

REFER TO: 00-1499
122000

Mr. Jerry Lewis Bey
Reg. #22328-044
U.S. Penitentiary
P.O. Box 1000
Leavenworth, Kansas  66048

Dear Mr. Lewis Bey:

This is in response to your Freedom of Information Act (FOIA) request, for access to information maintained by the Bureau of Alcohol, Tobacco and Firearms.

Your request has been granted in part. We are releasing segregable portions of the records that contain exempt information and are withholding portions for the reasons indicated on the enclosed Document Cover. However, there remains in the file an additional 357 pages, you may obtain the remaining pages by submitting payment of copy costs at 15 cents per page ($52.55). Your check or money order may be made out to The Bureau of Alcohol, Tobacco and Firearms, in the amount of $52.55.  You will be provided your appeal right at the final release.  If you do not want them then your appeal rights are as indicated below.

Insofar as your request has been denied in part by deletions, you have the right to submit and administrative appeal by following the procedures outlined in Part III of the enclosed form.  It has been a pleasure to assist you; your patience was greatly appreciated.

Sincerely yours,

**(Signed) Averill P. Graham**
Averill P. Graham
Disclosure Specialist

Enclosure

EXHIBIT J

| CODE | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| SURNAME | | | | | | | |
| DATE | | | | | | | |

ATF F 9310.3A (7-97) (Formerly ATF F 1325.6A, which may still be used)

*U.S. GPO: 1999-455-184/95638