UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 91-0001CR(6) |
| JERRY LEE LEWIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM

This matter is before the Court on the discovery-related pretrial motions of all defendants. Hearings on these discovery related motions were held before the undersigned on April 9, 10, 11, and 25, 1991. All pretrial motions in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b).

All defendants have filed motions seeking the full range of discovery allowable under the Federal Rules of Criminal Procedure and the Constitution, as well as seeking certain discovery not provided for under either source. These motions have a wide-ranging variety of titles, and are grouped together here for purposes of brevity.

1. **Rule 16 Materials**

All defendants have filed motions seeking all materials discoverable under Rule 16, Federal Rules of Criminal Procedure. In response, the government has indicated that it will comply with these requests and will make available prior to trial all materials required under Rule 16. These requests and responses may be categorized as follows:

Ex. P

### A. Statements of Defendants

The government has stated that it will make available to each defendant any statements made by defendants which are required to be produced by Rule 16. The government's response tracks the language of Rule 16(a)(1)(A) in this respect, which requires production of Grand Jury statements and "any relevant written or recorded statements made by the defendant" as well as "the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant in response to interrogation by any person then known to the defendant to be a government agent." The government asserts, and no defendants have stated to the contrary, that no defendants testified before the Grand Jury. The government has stated that all statements required under Rule 16 will be produced before the beginning of suppression hearings on May 20, 1991. Some defendants have expressed the concern that the government may withhold written or recorded statements on the grounds that they are not "relevant." To allay any potential concern, although not shared by the undersigned, the government will be ordered to produce all written or recorded statements of any defendant, if such statements are in the government's possession, custody or control, as well as the substance of any oral statements made by defendant which the government intends to offer in evidence and which were made in response to interrogation by a known government agent. See United States v. Bailleaux, 685 F.2d 1105, 1114-15 (9th Cir. 1982).

represented that it has done so and therefore nothing further will be required.

### C. Documents and Tangible Objects

The government has stated that it will make available for inspection and copying books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof which are in the possession, custody, or control of the government and which are material to the preparation of the defendant's defense or intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

The government's response tracks the language of Rule 16(a)(1)(C), but it also states that it will provide documents material to the preparation of the defendants' defenses "once their defense is disclosed to the government." Several defense counsel have objected to this apparent requirement imposed by the government that defendants must disclose their defenses to the government prior to receiving any documentary material under Rule 16. The Court understands the government's response to be saying merely that defendants are required to make a showing of materiality before documents will be disclosed on the basis that they are "material to the defendant's defense" as required under Rule 16. There is nothing before the Court to indicate whether, in fact, the government is relying on this materiality requirement to withhold discovery of documents. However, in a complex case such as this it is entirely appropriate to order that defendants need

-4-

not disclose their defenses prior to obtaining documentary evidence under Rule 16. Thus, the government will be ordered to produce all documents which are arguably relevant to the preparation of any defendant's defense. This ruling in no way reduces any defendant's obligations, if any, to disclose matters to the government as may be required under other rules or for other purposes.

Some defendants have filed motions seeking to have the government produce all underlying St. Louis City and County police reports and court records relating to the predicate acts alleged in the indictment, or which relate to the seizure of evidence which will be the subject of suppression hearings. Defendants assert that without such materials they are unable to prepare their defenses, and are unable to prepare for the suppression hearings. The government responds that this request is beyond the scope of Rule 16. To the extent the government possesses police reports created by the state agencies relating to the predicate acts, they are undoubtedly "material to the defendant's defense," whether they show, as some defendants assert, that persons other than defendants most likely committed the crimes, or whether they tend to inculpate defendants, and they should, therefore, be produced. This does not mean that the government is affirmatively obligated to search out all possible police reports and court records from state and local police agencies and courts if these documents are not already in the possession of the government. This also does not require the government to produce its own internal documents which are protected from discovery under Rule 16(a)(2). However, pre-

-5-

existing police reports and court documents from the state authorities which have now been turned over to the government are not documents "made . . . in connection with the investigation or prosecution of the case . . ." within the meaning of Rule 16(a)(2).  To the extent, of course, that police reports may constitute Jencks Act materials, they must be produced in accordance with that act, both at trial and at the suppression hearings.

Several defendants have requested disclosure or an inventory all items seized in the execution of search warrants in this case; at least two of the defendants have provided a list of specific addresses and asked that all tangible objects seized from those addresses be inventoried and produced for inspection.  The government apparently contends that this is not necessary and is beyond the scope of Rule 16, and its response is limited to the Rule 16 requirement that it will produce items which were "obtained from or belong to" the defendants.

In the opinion of the undersigned, it is not inappropriate in this case to require the government to produce all items seized pursuant to the search warrants executed at the times of these defendants' arrests.  The government will not be required to create any additional "inventory," as the owners of any premises where property was seized have already been provided inventories in the form of the returns of search warrants left at the premises searched, and the government should provide copies of those returns to defendants.  If the government objects to producing to

-6-

defendants any search warrant returns or seized items, it may provide them to the Court for an in camera examination.

D. Reports of Examinations and Tests

The government has stated that it will provide copies of all laboratory reports and tests relating to drugs which it has in its possession. At the hearings the government stated that it had already provided all such reports to defense counsel. Several of the defense counsel complained that the reports they received were insufficient to show the types of tests performed. The government's response was that it had provided all reports that are within its possession, custody, and control, and that it should not be required to search out any back-up documents that might exist with regard to these tests. Because of the age of some of these reports, back-up documentation may no longer exist.

The government's response is sufficient here. If the government has provided the laboratory reports in its possession, after complying with its obligation to search for such reports with due diligence, that is all that is required under Rule 16.

Several defendants have filed motions to conduct independent chemical analyses of drugs. The government has not opposed these requests, but instead has stated that it will cooperate with defense counsel to arrange for mutually convenient and acceptable conditions on the manner and timing of such tests, where the substances to be tested still exist. Where the substances have been destroyed pursuant to the regular course of law enforcement work, the government has so notified the defendants

-7-

by providing copies of the relevant paperwork showing destruction of the evidence. This response is also sufficient, and so the motions to conduct independent laboratory analyses will be denied as moot.

2. Early Jencks Material

All defendants have moved for production of statements of witnesses prior to trial, and have asked this Court to provide a cut-off date in advance of trial by which time the government should be required to produce Jencks Act materials. The government has indicated that it will provide defendants with Jencks Act materials, including grand jury testimony, prior to the jury's being sworn or, at the latest, prior to each witness's direct testimony. Defendants argue that the nature of this case requires that they obtain these Jencks Act materials in advance of trial, to avoid lengthy delays during the trial. The Court is without authority to order disclosure of Jencks Act materials earlier than provided for in the Act. United States v. White, 750 F.2d 726, 729 (8th Cir. 1984). Therefore, these requests will be denied.

3. Brady and Giglio Material

All defendants have moved for the disclosure of favorable evidence, including evidence that might be used to impeach government witnesses. In response to these motions the government has indicated that it will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The government has stated that it will provide such materials which come to its attention "at an early enough time

so that they may be used effectively." The government has not stated whether that disclosure would take place prior to or during trial. In the interests of justice and because of the complex nature of this case, the undersigned will order the government to produce all such material that has not already been produced at least two weeks prior to trial. See United States v. Olson, 697 F.2d 273 (8th Cir. 1983).

4. **Government Witnesses**

Various defendants ask this Court to compel the government to disclose the names and addresses of all witnesses for the government, including their written or recorded statements and existing memoranda. Some defendants also seek an order compelling the witnesses to be made available for interviews prior to trial. The government opposes these requests. The requests are outside the scope of Rule 16 of the Federal Rules of Criminal Procedure, as it is well-established that the government is not required in non-capital cases to furnish the names and addresses of all witnesses. United States v. Hutchings, 751 F.2d 230, 236 (8th Cir. 1984), cert. denied, 474 U.S. 829 (1985); United States v. White, 750 F.2d at 728.

Some defendants also have requested a list of the names, addresses, and statements of any agent of the government who has information relating to this matter but who will not be called as a witness by the government. The government is not required to disclose the names, addresses, or prior statements of persons whom the government does not intend to call as witnesses. United States

-9-

There is no basis for requiring this disclosure and, therefore, this motion will be denied.

Orders accordingly are filed this date.

                          *(signature)*
                          CATHERINE D. PERRY
                          UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of May, 1991.