## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**JERRY LEWIS BEY,**                    )
                                        )
                **Plaintiff,**          )
                                        )
            **v.**                      )     **Civil Action No. 05-2241  (JGP)**
                                        )
**U.S. DEPARTMENT OF JUSTICE,**         )
                                        )
**Defendant.**                          )
_____)

## REPLY TO PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In his Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition"), Plaintiff relies upon the conclusory and factually unsupported claim that the Declaration of Averill Graham was made in "bad faith" in order to make three arguments.  First, Plaintiff asserts in his Opposition Memorandum that the 1983 investigative file of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or the "Agency") is unrelated to his conviction, and, therefore, not subject to Exemption 7(A); yet he admits in his sworn Affidavit that his conviction is based, in part, upon the 1983 ATF investigation which was incorporated into a superceding indictment against him, and further claims that the file is necessary to challenge his conviction.  Second, despite Plaintiff's conviction for killing a grand jury witness and his history of intelligence gathering for case interference, Plaintiff asserts that the Defendant has failed to demonstrate how the disclosure of the 1983 ATF investigative file "could reasonably be expected perceptibly to interfere with the ongoing legal proceedings." Finally, relying upon prior FOIA disclosures that Plaintiff secured by misrepresenting to the ATF

that he did not have any post-conviction matters pending in the Courts, Plaintiff argues that those prior disclosures waived Exemption 7(A) for all other investigative files. Because these arguments are unsupported by the facts in the record, and likewise, are without legal merit, Defendant's Motion should be granted and judgment entered in favor of Defendant.

I.    **PLAINTIFF'S REQUEST FOR PEN REGISTER INFORMATION.**

Admitting that he never administratively appealed the denial of his request for pen register information, Plaintiff asserts that he should be excused from the administrative exhaustion requirements because he relied upon the Agency's alleged "bad faith" assertion that it could not locate the 1983 investigative file. However, this argument demonstrates how Plaintiff misquotes information or makes assertions that distort or completely ignore the facts of the case. See Graham Decl. at ¶ 66. Plaintiff's request for pen register information was not denied because the Agency could not locate the 1983 file, nor because pen register information could not be located. Plaintiff's request was denied solely because the pen register information was protected from disclosure pursuant to FOIA Exemption 7(C) and 7(E). Def. Exh. S ("Pen register information was denied pursuant to FOIA Exemption (b)(7)(E) and (b)(7)(C)"). In the very same correspondence, Plaintiff was specifically advised of his administrative appeal rights and obligations. Id. Thus, Plaintiff was well-aware of the basis for the denial of his request for pen register information – that it was exempt from disclosure – and failed to administratively appeal that denial.

Even if Plaintiff believed that the pen register could not be located by the ATF, Plaintiff has clearly demonstrated throughout his correspondence with the Agency and in his Opposition

that he never accepted the Agency's claim that it could not locate the 1983 file. Indeed, it was

Plaintiff who provided the Agency with information with which the Agency was then able to

locate the file using unconventional search methods. Graham Decl. at ¶ 111. Thus, any claim

now that he failed to administratively appeal the denial of pen register information because he

took the representations as true is not supported by the record. Indeed, rather than demonstrating

any "bad faith" on the part of the ATF, the extraordinary measures taken by the Agency to locate

the 1983 investigative file clearly demonstrate the extent to which the ATF went to find the

responsive records. Accordingly, because Plaintiff did not administratively appeal the denial of

his request, he cannot now raise the matter regarding the pen register information in the District

Court.

## II.    THE AGENCY PROPERLY APPLIED THE TEST UNDER FOIA EXEMPTION 7(A).

It is interesting to note that Plaintiff appears to have abandoned the transparent claim that

no judicial proceedings are pending before the Eighth Circuit Court of Appeals. Rather, Plaintiff

now asserts that the 1983 ATF investigative file was closed long ago and is not related in any

way to his conspiracy and RICO conviction. This is quite different from the administrative phase

when Plaintiff consistently acted as if the matters were related but then misrepresented to the

ATF that his post-conviction matters were over and no longer before the Court of Appeals.

Nevertheless, both Defendant's and Plaintiff's evidence, including Plaintiff's own sworn

affidavit, make it clear that the 1983 investigation was merged into the RICO and conspiracy

charges against him, and accordingly, the matters are related. Moreover, Defendant has

demonstrated that, based upon Plaintiff's convictions and history, the FOIA request could

reasonably be expected perceptibly to *interfere* with the post-conviction proceedings.

      A.      **Exemption 7(A) Applies To Plaintiff's FOIA Request for the 1983 Investigative File.**

In his Opposition to Defendant's motion, Plaintiff makes two inconsistent allegations and arguments.  First, Plaintiff asserts that because his indictment and conviction relate solely to a 1989 investigation, which is entirely separate and distinct from the 1983 ATF investigation, Exemption 7(A) does not apply to his request for the 1983 file.  However, in his sworn affidavit, Plaintiff admits that his indictment and subsequent conviction do, in fact, incorporate the 1983 investigation "as part of the charged drug conspiracy and RICO enterprise," and that he needs the 1983 ATF investigative file to challenge his conviction.  Affidavit of Jerry Lewis Bey at ¶ 8.  <u>See also</u> Plaintiff's Opposition at 15.  Plaintiff cannot have it both ways.  As Plaintiff admits in his Affidavit, the 1983 investigation was re-opened and incorporated into the government's superceding indictment and form part of the basis of Plaintiff's subsequent conviction, and the pending post-conviction proceedings directly challenge that conviction.  Thus, Plaintiff's FOIA request is directly related to the pending proceedings.

In attempting to sever the 1983 ATF investigative file from his conviction, Plaintiff further selectively quotes from an appellate filing by the Assistant United States Attorney who prosecuted Plaintiff.  <u>See</u> Plaintiff Exh. G.  However, the statements made by the Assistant United States Attorney are not as broad as Plaintiff would have this Court believe.  A reading of the pleading reveals that the Assistant United States Attorney does not make any statement that the 1983 and the 1989 investigations were completely separate, but rather, he was addressing specific claims made by Plaintiff regarding specific evidence introduced in his trial and its

4

relevance to the matter for which it was used.  Id.

Selectively quoting from North v. Walsh, 881 F.2d 1088 (D.C. Cir. 1989), Plaintiff also attempts to raise the bar on Defendant by arguing that the Defendant must demonstrate that the FOIA request disrupts, impedes or otherwise harms the enforcement proceeding.  Plaintiff's Opposition at 7.  Although this is technically a correct statement, Plaintiff ignores the remainder of the Court's opinion in North which provides that, in order to make this showing, a defendant need only "show that disclosure could reasonably be expected perceptibly to *interfere* with an enforcement proceeding."  North, 881 F.2d at 1097 (emphasis in original).   The Circuit Court in North went further and adopted the categorical grouping of documents used by Defendant in its Motion for Summary Judgment.  North, 881 F.2d at 1097 n. 13 (*quoting* Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64 (D.C. Cir. 1086), and *citing* Bevis v. Department of States, 801 F.2d 1386 (D.C. Cir.1986)).

Although the Defendant adequately set forth how Plaintiff's FOIA request would interfere with the ongoing proceedings, further evidence may be found in the Plaintiff's criminal case itself.  During the Plaintiff's trial, the government introduced evidence of Plaintiff's intelligence gathering through his organization, the Moorish Science Temple.  This was reflected in the Eighth Circuit Court's decision in United States v. Darden, 70 F.3d 1507 (8th Cir. 1995), which affirmed Plaintiff's and his co-conspirators' convictions, and in the appellate brief filed by the government in that matter.  Def. Exh. MMM (attached hereto).  In Darden, the Court upheld the introduction of papers, including newspaper articles, police reports, crime bulletins, a complaint from a federal forfeiture action against Plaintiff, and Drug Enforcement Agency reports that were found in Plaintiff's and his family's possession and were used for gathering intelligence on the

investigation and witnesses.  See 70 F.3d at 1537 ("It is important to make the following point explicitly and unambiguously: these items, including the police and DEA reports, were found in the homes of the appellants or their relatives....").  The Assistant United States Attorney further pointed out in his appellate brief that Plaintiff's co-racketeers reviewed these collections of information with Plaintiff, "who advised that such accumulation of information 'give him some kind of insight on who he's got to get rid of, who's coming, where they some kin to, things of this nature.'" Def. Exh. MMM at 173-174 (*quoting* trial testimony).

Plaintiff further quibbles with the factual assertion in the Declaration of Averill Graham that Plaintiff was convicted of multiple murders, and states that he was only found to be "responsible" for the murders.  Plaintiff's Opposition at 7-8.  However, the representations made in the Declaration of Averill Graham were accurate.  The record clearly demonstrates that Plaintiff was, in fact, found guilty of committing multiple murders, conspiracy to commit murder, and attempted murder in aid of a racketeering enterprise.  See United States v. Darden, 70 F.3d at 1517 (emphasis added).  Given the fact that Plaintiff has proven the extent to which he will retaliate against those who testify or provide information against him or otherwise interfere with the investigation, providing any of the categories of information from the 1983 investigative file will greatly interfere with the ongoing legal proceedings.

**B.**    **Plaintiff's Unsupported Claim That the 1983 File Contains Exculpatory Information Under Brady v. Maryland Does Not Overcome The FOIA Statutory Exemptions.**

Plaintiff cites to the Eastern District of Louisiana opinion in Bright v. Ashcroft, 259 F.Supp.2d 502, 503 n.1 (E.D. La. 2003), for the proposition that the government must provide

information pursuant to a FOIA request if it is exculpatory or relates to the possibility of a

defendant's innocence under Brady v. Maryland, 373 U.S. 83 (1963).  However, in order to even

reach that level, a FOIA requester must first offer evidence that "the Department of Justice

mishandled his Brady request, and under circuit law a bald accusation to that effect does not

persuade."  Oguaju v. United States, 378 F.3d 1115, 1117 (D.C. Cir. 2004), cert. denied, 544

U.S. 983 (2005).  Accord National Archives and Records Administration v. Favish, 541 U.S.

157, 173-174 (2004) (to overcome a FOIA exemption regarding the invasion of privacy interests,

a requester must present evidence that "points with credibility to actual misfeasance or other

impropriety"); Quinon v. FBI, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (the requester must produce

"compelling evidence that the agency denying the FOIA request is engaged in illegal activity and

[must] show[] that the information sought is necessary in order to confirm or refute that

evidence") (internal citations omitted).

      Here, Plaintiff states that he has received nearly 2000 pages from the FBI regarding an

earlier investigation into his activities, but points to no specific document or entry that exculpates

him on any of the charges of which he was convicted.  Rather, Plaintiff attached an FBI

memorandum in which the author states that during the 1983 FBI investigation (as opposed to

any ATF investigation), Plaintiff was found to be involved in the sale of drugs on an individual

level, but that there was no evidence that Plaintiff was *currently* "involved in drug trafficking on

a *large scale basis*."  Plaintiff Exh. D (emphasis added).  Subsequently, in the 1989 investigation,

Plaintiff was found to be so involved, and he was convicted of a conspiracy charge.  Plaintiff's

Opposition at 15.  Plaintiff has pointed to no other "evidence that would warrant a belief by a

reasonable person" that the ATF or the Assistant United States Attorney otherwise deprived

Plaintiff of any <u>Brady</u> evidence, or that any such <u>Brady</u> evidence exists.  <u>Oguaju</u>, 378 F.3d at

1116 (*quoting* <u>Favish</u>, 541 U.S. at 174).  The mere conclusion that the Plaintiff's drug trafficking

activity in 1983 was not big enough for the federal entities to be interested does not constitute

"exculpatory" evidence.  Indeed, Plaintiff failed to inform this Court that **he previously raised**

**allegations** of a <u>Brady</u> violation by the government in a post-conviction matter, and after

providing Plaintiff with a full opportunity to be heard, **a District Court rejected his claim** and

found that no such violation occurred.  Def. Exh. NNN (attached hereto).  Because Plaintiff has

provided only a bare allegation that the 1983 file contains exculpatory information, he has failed

to overcome "the presumption of legitimacy accorded to the Government's official conduct,"

<u>Oguaju</u>, 378 F.3d at 1117 (*quoting* <u>Favish</u>, 541 U.S. at 174), and a further judicial determination

that the Assistant United States Attorney acted properly.  Accordingly, his FOIA request was

properly denied.


        **C.**    **<u>Prior ATF Disclosures of Information Based Upon Plaintiff's False</u>**
             **<u>Representation That His Post-Trial Matters Were Completed Does Not</u>**
             **<u>Render Exemption 7(A) Inapplicable.</u>**

        Plaintiff asserts that Exemption 7(A) was waived by the ATF when it previously

produced 100 segregable portions from the 1988 ATF investigation of Plaintiff.  Plaintiff does

not, however, point to any authority holding that providing some documents from one file

constitute a waiver as to all documents held by the agency in any other file.  The absurdity of

Plaintiff's proposition is evident.  Indeed, even if the documents were released from the 1983

investigative file, it does waive any FOIA exemption to any other document contained within the

very same file, as each document or category of document is to be reviewed separately to

determine if it must be disclosed.  In any event, it is clear from the record that the ATF provided

documents to Plaintiff only after he falsely informed the Agency that his post-conviction

proceedings were completed, and that no other matter was pending.  Def. Exh. I.  Plaintiff's own

false statements cannot create a waiver on the part of the Defendant.


## II.    DEFENDANT'S ARGUMENTS BASED ON OTHER FOIA EXEMPTIONS OUTSIDE OF EXEMPTION 7(A) MUST BE TREATED AS CONCEDED.

Plaintiff fails to address Defendant's argument that other exemptions outside of 7(A),

including Exemption 2, 3, 6, 7(C), 7(D), 7(E), and 7(F) of the FOIA precludes disclosure of the

information contained within the 1983 investigative file.  As required by Federal Civil Rule

56(e), Local Civil Rule 7(h) and Local Civil Rule 56.1, facts and allegations contained within a

motion for summary judgment must be disputed by an opposing party or they may be deemed

admitted.  Fed. R. Civ. P. 56(e); LCvR 7(h) and 56.1.  Both Defendant and the Court provided

Plaintiff with explicit warning, pursuant to the Circuit Court's instructions in Fox v. Strickland,

837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), explaining "the

risks attending failure to respond to a summary judgment motion."  Fox, 837 F.2d at 509

(quoting Ham v. Smith, 653 F.2d 628, 630 (D.C. Cir. 1981)).  Having failed to controvert or even

address Defendant's factual assertion or legal argument that alternative FOIA exemptions prevent

disclosure of the information contained within the 1983 ATF investigative file, Plaintiff must be

deemed to have conceded the issue.  See Twist v. Meese, 854 F.2d 1421, 1424 (D.C. Cir. 1988)

(when a party fails to discharge the vital function of contesting an opposing party's allegations,

the party may not be heard to complain that the district court abused its discretion by failing to

compensate for the party's inadequate effort), cert. denied sub nom., Twist v. Thornburgh, 490

U.S. 1066 (1989); <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner</u>, 101 F. 3d 145,

150 (D.C. Cir. 1996) ("Unless the opposing party points to `affirmative evidence' showing

disputed material facts, the court shall enter summary judgment, if appropriate, against the

adverse party"); <u>Schrader v. Tomlinson</u>, 311 F. Supp. 2d 21, 2526 (D.D.C. 2004) (failure to

provide any argument or evidence in response to movant's claim is deemed to have conceded the

position); <u>Day v. D.C. Department of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 159

(D.D.C.2002) ("If a party fails to counter an argument that the opposing party makes in a motion,

the court may treat that argument as conceded.") (citation omitted); <u>Bancoult v. McNamara</u>, 227

F. Supp. 2d 144, 149 (D.D.C.2002) ("[I]f the opposing party files a responsive memorandum, but

fails to address certain arguments made by the moving party, the court may treat those arguments

as conceded, even when the result is dismissal of the entire case."); <u>Rafferty v. NYNEX Corp.</u>,

744 F.Supp. 324, 331 (D.D.C.1990) (where plaintiff's memorandum in opposition to motion for

summary judgment offers no rebuttal to defendants' argument, plaintiff may be deemed to have

conceded that issue), <u>affd</u>, 60 F.3d 844 (D.C. Cir.1995).


**III.     <u>THE DOCUMENTS WITHHELD ARE NOT SEGREGABLE.</u>**

        In the Declaration of Averill Graham and the Memorandum of Law in Support of

Defendant's Motion for Summary Judgment, Defendant set forth the grounds upon which entire

categories of documents should be withheld, and how those documents cannot be segregated for

production.  In addition, Defendant further set forth case law that when an agency has met its

burden of showing that a category of records are exempt and related to the continuing

investigation under Exemption 7(A), there are no non-exempt portions of the records to

segregate, and the entire category is protected.  See Cucci v. Drug Enforcement Administration, 871 F.Supp. 508, 512 (D.D.C. 1994).

In any event, in light of Plaintiff's prior history of taking great efforts to identify persons who are providing information and evidence against him, Plaintiff's simple suggestion that Defendant "redact all names of witnesses and law enforcement agents and personnel" from the 1983 ATF investigative file falls far short of protecting third parties and their privacy.  Indeed, witness's identities can easily be discerned from the content of the information provided, as well as the timing.  Notably, from the testimony presented at the criminal trial, Plaintiff draws information from various sources, including police reports and investigative files, and, using mosaic-like processes, makes assessments as to who provided evidence against him or his friends, calculates his criminal behavior, and influences the criminal behavior of others associated with him.  Thus, even what may be considered non-relevant or non-sensitive items would, if released, enable Plaintiff to misuse information for criminal and obstructive purposes designed to interfere with law enforcement proceedings and to commit further crime, whether by himself or others he influences.  Accordingly, Plaintiff has failed to refute the showing by the Defendant that the information contained in the 1983 ATF investigative file cannot be segregated for disclosure.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Reply Memorandum to be served

by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution
P.O. Box 725
Edgefield, SC 29824


on this 12th day of May, 2006.


  /s/ Darrell C. Valdez
DARRELL VALDEZ, D.C. Bar #420232
Assistant United States Attorney

12