UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-2241 (JGP) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO ENLARGE TIME TO FILE
SUPPLEMENTAL DECLARATION REGARDING WITHHELD DOCUMENTS**

The Defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for an enlargement of time, up to and including May 25, 2007 to file a supplemental declaration explaining why two categories of documents within a 1983 investigative file were withheld, or to file a report to the Court on the status of the disclosure of segregable records to Plaintiff. In support of its motion, Defendant respectfully states as follows:

1.  Plaintiff, a *pro se* prisoner, sued the Defendant pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a), concerning his FOIA requests for information on himself and his organization, the Moorish Science Temple of America.

2.  Defendant filed a motion for summary judgment on March 31, 2006.

3.  After full briefing by the parties, this Court entered a Memorandum Order on March 30, 2007, granting, in part, the Defendant's Motion. Specifically, the Court held that (1)

Plaintiff failed to administratively appeal the denial of his request for pen register information, and thus failed to timely exhaust his administrative remedies for that information; (2) Plaintiff failed to address the Defendant's arguments regarding the application of FOIA Exemptions (2), (3), (6), (7)(D), (7)(E), and (7)(F) to the 1983 investigative file, and therefore the Court treated the application of those exemptions as conceded; and (3) that one category of documents within the 1983 investigative file was also protected from disclosure by FOIA Exemption (7)(A). The Court found, however, that the Defendant provided insufficient information for the Court to decide if two categories of documents from the 1983 investigative file were protected by FOIA Exemption (7)(A), and further failed to present sufficient information for the Court to determine whether all reasonably segregable portions of the file have been released to Plaintiff. Accordingly, the Court held the remainder of its decision in abeyance, pending the Defendant's submission of a supplemental declaration or report explaining why the remaining two categories of documents within the 1983 investigative file were withheld, or file a report to the Court on the status of the disclosure of segregable records to Plaintiff.

4. Defendant's submission to the Court is currently due on Monday, May 14, 2007.

5. Defendant is currently preparing a supplemental declaration to the Court, however, the agency representative for the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is currently out of the area for travel on other work-related matters and is unable to complete the review, prepare a declaration and forward it to the undersigned counsel in time for filing on Monday, May 14, 2007. Accordingly, additional time is requested to complete the review and declaration. Defendant believes that a due date of May 25, 2007, will provide sufficient time to complete this process.

6. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not

apply and the undersigned have not made efforts to contact him regarding this motion.[1/]

Wherefore, for all of the foregoing reasons, Defendant respectfully requests an enlargement of time, up to and including May 25, 2007 to file a supplemental declaration explaining why the remaining two categories of documents within the 1983 investigative file were withheld, or file a report to the Court on the status of the disclosure of segregable records to Plaintiff.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

---

[1/]  Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time was served by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution - Marion
P.O. Box 1000
Marion, IL 62959


on this 11th day of May, 2007.


                /s/ Darrell C. Valdez
                DARRELL VALDEZ, D.C. Bar #420232
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY LEWIS BEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-2241 (JGP) |
| v. ) | |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Enlargement of Time, the grounds stated therein, and the entire record in this matter, it is by the Court this ____ day of May, 2007, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that the time in which defendant shall file a supplemental declaration explaining why the remaining two categories of documents within the 1983 investigative file were withheld, or file a report to the Court on the status of the disclosure of segregable records to Plaintiff in this matter is enlarged to May 25, 2007.

_____
JOHN GARRETT PENN
UNITED STATES DISTRICT JUDGE