UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JERRY LEWIS BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-2241 (JGP) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO ENLARGE TIME TO FILE
SUPPLEMENTAL DECLARATION REGARDING WITHHELD DOCUMENTS**

The Defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for an enlargement of time, up to and including July 24, 2007, to file a supplemental declaration in response to the Court's Order dated March 30, 2007. In support of its motion, Defendant respectfully states as follows:

1. Plaintiff, a *pro se* prisoner, sued the Defendant pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a), concerning his FOIA requests for information on himself and his organization, the Moorish Science Temple of America.

2. Defendant filed a motion for summary judgment on March 31, 2006.

3. After full briefing by the parties, this Court entered a Memorandum Order on March 30, 2007, granting, in part, the Defendant's Motion. Specifically, the Court held that (1) Plaintiff failed to administratively appeal the denial of his request for pen register information,

and thus failed to timely exhaust his administrative remedies for that information; (2) Plaintiff failed to address the Defendant's arguments regarding the application of FOIA Exemptions (2), (3), (6), (7)(D), (7)(E), and (7)(F) to the 1983 investigative file, and therefore the Court treated the application of those exemptions as conceded; and (3) that one category of documents within the 1983 investigative file was also protected from disclosure by FOIA Exemption (7)(A). The Court found, however, that the Defendant provided insufficient information for the Court to decide if two categories of documents from the 1983 investigative file were protected by FOIA Exemption (7)(A), and further failed to present sufficient information for the Court to determine whether all reasonably segregable portions of the file have been released to Plaintiff. Accordingly, the Court held the remainder of its decision in abeyance, pending the Defendant's submission of a supplemental declaration or report explaining why the remaining two categories of documents within the 1983 investigative file were withheld, or file a report to the Court on the status of the disclosure of segregable records to Plaintiff.

4. Defendant's submission to the Court is currently due on Friday, May 25, 2007.

5. While preparing the supplemental declaration to the Court explaining how the remaining two category of documents were protected by FOIA Exemption (7)(A) and, therefore, protected, in whole, from disclosure, Defendant became aware that Plaintiff's collateral matter before the Eighth Circuit Court of Appeals, which formed the basis of the Exemption (7)(A) claim, was dismissed by the Circuit Court on April 9, 2007. Accordingly, the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has begun processing Plaintiff's FOIA request for segregebility and disclosure pursuant to the FOIA, including the first category of documents that the Court held were protected by Exemption (7)(A). The processing of Plaintiff's

request may render the matter moot, or may result in a narrowing of the issues before the Court. Accordingly, Defendant is requesting additional time to complete the processing of Plaintiff's FOIA request.

6. A sixty (60) day enlargement is requested due to the number of requests currently being processed by the ATF. Specifically, ATF's Disclosure Division processes a large number of FOIA requests utilizing limited resources. In 2005 and 2006, the Disclosure Division processed 1,719 and 1,665 requests respectively. All of the workload of locating responses to these requests is distributed amongst 4-6 disclosure specialists, depending on the date of the request. Based on these figures, the calculation of the average workload of a single disclosure specialist in the year 2005 would be in between approximately 286 cases and 429 cases for the year.

7. In addition, due to intervening vacation schedules during this time of year, including the fact that the specialist assigned to this matter will be out of the country for two weeks, the additional time is needed to complete the processing. Upon completion of the processing of Plaintiff's request, Defendant will provide the Court with a status report describing the disclosures made and the matters withheld.

8. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[1]

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any

(continued...)

Wherefore, for all of the foregoing reasons, Defendant respectfully requests an enlargement of time, up to and including July 24, 2007 to process Plaintiff's FOIA request and to file a status report to the Court.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

---

[1/](...continued)
nonprisoner pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

## CERTIFICATE OF SERVICE

      I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time was served by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution - Marion
P.O. Box 1000
Marion, IL 62959


on this 24th day of May, 2007.

                              /s/ Darrell C. Valdez
                              DARRELL VALDEZ, D.C. Bar #420232
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY LEWIS BEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-2241  (JGP) |
| v. ) | |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Enlargement of Time, the grounds stated therein, and the entire record in this matter, it is by the Court this ____ day of _____, 2007, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that defendant shall file a report to the Court, no later than July 24, 2007, on the status of the processing of the 1983 file, and any disclosures made or matters withheld in response to Plaintiff's Freedom of Information Act request.

_____
JOHN GARRETT PENN
UNITED STATES DISTRICT JUDGE