## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERRY LEWIS BEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Civil Action No. 05-2241  (JGP)** |
| **v.** | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| **Defendant.** | ) |

## REPLY TO PLAINTIFF'S "MOTION IN OPPOSITION
## TO DISMISS AS MOOT"

In Plaintiff's recently-filed "Motion in Opposition to Dismiss as Moot" ("Plaintiff's Motion in Opposition") Plaintiff mis-characterizes the underlying undisputed facts in order to create the mis-impression that Defendant improperly and inadequately processed his FOIA request, and further attempts to revive his previously-rejected arguments regarding material that this Court found to be properly withheld pursuant to Freedom of Information Act ("FOIA") exemptions.  Plaintiff's objections to the disclosure are without factual and legal merit, and this Court should dismiss the matter.

1.      Plaintiff's preliminary claim that the 1983 files sought in this matter consist of records from two 1983 ATF investigations – No. 33920 83 1501Y and No. 7665 0683 1501L – is not accurate.

        a.      The undisputed facts demonstrate that Plaintiff initially requested only a copy of a June 7, 1983, ATF report from file No. 33920 83 1501Y located in ATF's St. Louis

Field Division, and further limited his request to exclude the names of all third parties from the report. Def. Exh. PP. After initially denying Plaintiff's request, Def. Exh. QQ, the Defendant granted the request and produced the report after Plaintiff misrepresented that his then-pending criminal matter had been closed. Def. Exh. RR (Plaintiff's appeal letter to OIP); Def. Exh. SS (letter from Disclosure Division granting Plaintiff's request for the June 7, 1983 report – with redactions). In the production, Plaintiff was informed of his appeal rights, Def. Exh. SS, but failed to file any appeal challenging that production.

        b.    On January 24, 2004, and again on April 25, 2005, Plaintiff requested ATF file No. 7665 0683 1501 L. Def. Exhs. TT and CCC. Because of ongoing litigation in Plaintiff's criminal case, the requests were denied under Exemption (b)(7)(A). Def. Exhs. UU and FFF. Plaintiff administratively appealed that denial. Def. Exhs. GGG and III.

        c.    Notably, Plaintiff's own Complaint specifically limits his present claim solely to file 7665 0683 1501 L, and fails to identify file No. 33920 83 1501Y. Complaint at 1. Accordingly, neither the contents nor any disclosure of documents within file No. 33920 83 1501Y are at issue in this matter, nor has Plaintiff exhausted his administrative remedies with respect to that file.[1]

        2.    Plaintiff references telephone toll and pen-register records as examples of material that is included in the 1983 files, but improperly withheld by Defendant. Plaintiff's Motion in Opposition at ¶¶ 6-10. However this Court has already held that Plaintiff failed to exhaust his administrative remedies with respect to the Defendant's refusal to produce the toll and pen-

---

     [1]    In any event, it appears that the contents of the two files have been merged, and that Plaintiff has been provided responsive, non-exempt documents from both files. Declaration of Marilyn R. Labrie ("Labrie Decl.") at ¶ 3.

register records, and that he cannot challenge the withholding of that material in this civil matter. Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss (Dkt. No. 14) at 9-10; Memorandum Order (Dkt. No. 19) at 7-9.

3.    With respect to the redacted names of third parties who were identified in Plaintiff's criminal trial, the mere fact that a person's name was made public in a prior trial does not waive that person's privacy interests in law enforcement documents **not** produced in trial. Davis v. United States Dep't of Justice, 968 F.2d 1276, 1280 (D.C. Cir. 1992).  Rather, Plaintiff must demonstrate that the exact document containing the third parties' names were entered into evidence in a public trial.  Id. at 1280 (requestor must point to "specific" documents or information "identical" to the information withheld).  Plaintiff has made no such showing here.

4.    Additionally, Plaintiff alleges that some of the persons whose names were redacted from some of the documents are deceased.  In this case, it does not matter that a named individual is deceased because Defendant has demonstrated that Plaintiff and the Moorish Science Temple of America use such information to retaliate against and murder persons who are involved in the investigation.  See Graham Decl. at ¶¶ 64-67.  Accordingly, Defendant is well-within the bounds of FOIA Exemptions 7(C) and 7(F) to redact the names of persons involved in the investigation, alive or deceased, in order to protect the families and others associated with those individuals.  See Lesar v. U.S. Dept. of Justice, 636 f.2d 472 (D.C. Cir. 1980) (name of third party may be redacted from investigative documents under Exemption 7(C) to protect the family of that third party); Shores v. F.B.I., 185 F.Supp.2d 77, 85 (D.D.C. 2002) (FOIA Exemption 7(F) protects informants and their families from possible retaliation); Carbe v. Bureau of Alcohol, Tobacco and Firearms, 03cv1658 (RMC), 2004 WL 2051359 *7 (D.D.C. 2004)

("Just as informers and techniques are protected, so too does FOIA exempt disclosure of the identity of 'any individual' if release of that information 'could reasonably be expected to endanger [his or her] life or physical safety.'").  C.f. National Archives and Records Admin. v. Favish, 541 U.S. 157 (2004) (decedent's family has privacy interest under FOIA Exemption 7(C) in records regarding the decedent).[2/]

5.     Finally, the attached declaration of Marilyn R. Labrie, Acting Chief of the Disclosure Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives establishes that no photographs are contained within the file at issue.  Labrie Decl. at ¶ 4.  Accordingly, Defendant cannot violate FOIA by failing to produce documents not in its possession.

For all of the forgoing reasons, Defendant has demonstrated that it has properly responded to Plaintiff's FOIA request, and the Court should dismiss this matter as moot.

---

[2/]     Because the Defendant deleted only the names and other identifying information from the documents, segregability is not at issue.  See Albuquerque Pub. Co. v. U.S. Department of Justice, 726 F.Supp. 851, 858 (D.D.C. 1989) (because only the names and identifying information were withheld pursuant to Exemption 7(F), "the deletions could not have been more narrowly tailored").

4

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendant's Reply Memorandum to be served

by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
U.S.P. Marion
P.O. Box 1000
Marion, IL 62959


on this 24th day of September, 2007.


  /s/ Darrell C. Valdez
DARRELL VALDEZ, D.C. Bar #420232
Assistant United States Attorney

6