UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,                )
                                )
        Plaintiff,               )
                                )
                                )
v.                              )   Civil Action No. 05-2241(JGP)
                                )
                                )
UNITED STATES DEPARTMENT        )
OF JUSTICE,                     )
                                )
        Defendant.              )
                                )

### REPLY TO DEFENDANT'S "SECOND MOTION" TO DISMISS AS MOOT

Comes Now the Plaintiff, Jerry Lewis Bey, pro se, and respectfully file his Response to Defendant's Second Motion to Dismiss as Moot and states as follows:

1.  Defendant is the one who is mis-characterizing the underlying undisputed facts in order to create the mis-impression that Defendant has properly and adequately processed Plaintiff's FOIA request.

    a.  Plaintiff is not and has not attempted to revive <u>any</u> previously-rejected arguments regarding <u>any</u> material that this Court found to be properly withheld pursuant to the Freedom of Information Act ("FOIA") exemptions.

2.  First, Defendant claims that the 1983 files sought by Plaintiff do not consist of both ATF files-No. 33920 83 1501Y and No. 7665 0683 1501L. This is not accurate, as this Court in its March 30, 2007 Memorandum And Order (p.5), noted that

**RECEIVED**

OCT 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATF file-No. 7665 0683 1501 L was "part of the larger ATF file-No. 3392083 1501 Y which did not appear in the TECS database." See Also, p. 5, n.2.

Thus, Defendant (p.2) claim that neither the contents nor any disclosure of documents within file No. 33920 83 1501Y is not an issue in the herein matter before this Court. This to is not accurate, as both files are part of the same 1983 ATF investigation and all segregable records should be disclosed.

Defendant claims that it appears that the contents of both files has been merged and records provided to Plaintiff according to Marilyn R. LaBrie's Declaration. See (p.2 n.1) Marilyn R. LaBrie (p.2) in her Declaration mades it clear that "it's unclear whether the two 1983 files were interchangeable...an it appears that the two case numbers were merged..." Plaintiff avers that there are still segregable records in the second ATF file that has not been reviewed for released.

3. Second, Defendant (pp.2-3) claims that Plaintiff is attempting to challenge the pen-register and toll records that this Court has held could not be challenge in this Civil matter. Defendant is wrong, as Plaintiff is not seeking to challenge the pen-register that has been ruled on by this Court, but the other pen-register that was installed on his home telephone and the Moorish Science Temple of America ("MSTA") telephone according to records released on August 8, 2007.

a. The pen-register ruled on by this Court pertains to the April 1986-July 31, 1986 that was installed on Plaintiff's apartment telephone at the Country Side Apartments. This is not an issue.

b. The toll records on the telephone at Country Side Apartment has not been ruled on by this Court nor has the toll records on Plaintiff's home telephone at 12654 Stoneridge nor the MSTA at 4408 Marcus and later 3600 Grand.

    c.    The toll records information was identified in the August 8, 2007 released documents.

    4.    Third, Defendant (p.3) claim that Plaintiff has not pointed to any specific information being withheld that was entered into evidence in Plaintiff's trial.

    a.    Plaintiff seeks <u>only</u> the investigation reports that contains the names of lawenforcement officers that was entered into evidence at his trial as Government's Exhibit 61(PR). <u>See</u>, Attached Plaintiff's Exhibit AAA. There exist no privacy rights of these officers to be protected. <u>Accord v. Reno</u>, 193 F.3d 550 (D.C. Cir. 199)("no privacy rights of agent to protect whose identity disclosed in open court.")

    b.    Plaintiff also seeks the investigation reports of ATF agent Dennis Becker, who also testified at his trial as there is no privacy interest to be protected. <u>Jones v. FBI.</u>, 41 F.3d 238, 246 (6th Cir. 1994); <u>Isley v. Executive Office For United States Attorneys</u>, 1999WL1021934 (D.C. Cir. October 21, 1999). Ex. BBB

    5.    Fourth, Defendant claim that it is well within its bounds of FOIA-Exemptions 7(c) and 7(f) to redact the names of persons involved in the investigation, alive or deceased, in order to protect the families and others associated with those individuals. Defendant cites <u>Lesar v. United States Dept. of Justice</u>, 636 F.2d 472 (D.C. Cir. 1980), to support its claim. This case is misplaced as it protects the families of FBI agents and informants involved in the investigation that was <u>not</u> known to the public.

These agents names was part of the investigation and has been known to the public since 1992 during Plaintiff's trial and Plaintiff seeks only the reports containing the same names.

    6.    Fifth, Defendant also seeks to support its position of withholding reports containing the names of deceased persons and

invoking Exemption 7(F) by citing <u>Shores v. FBI</u>, 185 F. Supp.2 77, 85 (D.C. Cir. 2002). This case is also misplaced, as <u>Shores</u> dealt with a requester who sought names of three cooperating witnesses, one who provided information against him that led to his conviction and he attempted to murder a member of that witness family. Id., at 85.

    a. Plaintiff <u>do not</u> seek the names of <u>any</u> informant, cooperating witnesses nor any witness who testified against him, rather, Plaintiff only seeks reports that contains the names of two former MSTA members (one his son Jerry Lewis Bey II and a Robert Taylor Bey, Plaintiff's unindicted coconspirator) and Sam Petty who was a codefendant in Plaintiff's indictment. All of the above three individuals are deceased and Plaintiff has submitted their obituaries to Marilyn R. LaBrie. <u>See</u>, (September 21, 2007 Declaration of Marilyn R. LaBrie, attached to Defendant's Reply Memorandum).

    b. It would be absurd to allow Defendant to invoke 7(c) or 7(F) to withhold any report that contains the name of Plaintiff's deceased son by claiming to protect Plaintiff's family.

    c. There was no evidence at trial that any of the above individuals was informants or had cooperated with the task force during the 1983-87 investigation.

Finally, Marilyn R. LaBrie in her Declaration (p.2) avers that Plaintiff alleged there was surveillance photos taken of him during the investigation. It's clear from records disclosed on August 8, 2007 that photos was in fact taken of Plaintiff and other members of the MSTA. <u>See</u>, Plaintiff's Attached Exhibit CCC

For all the foregoing reasons, Plaintiff has demonstrated that Defendant has not properly responded to his FOIA request, and the Court should not dismiss this matter as moot.

                                      Respectfully submitted,

                                      JERRY LEWIS BEY -22328-044
                                      FCI MARION
                                      P.O. BOX 1000
                                      MARION, IL. 62959

## CERTIFICATE OF SERVICE

I, Jerry Lewis Bey, the pro se Plaintiff, certify I caused a copy of the foregoing Plaintiff's Reply Memorandum to be served by first class mail to the Defendant at:

>DARRELL C. VALDEZ
>ASSISTANT UNITED STATES ATTORNEY
>JUDICIARY CENTER BUILDING
>555 4TH ST., N.W., CIVIL DIVISION
>WASHINGTON, D.C. 20530

>*/s/ Jerry Lewis Bey*
>JERRY LEWIS BEY-22328-044
>FCI MARION
>P.O. BOX 1000
>MARION, IL. 62959

This 4th day of October, 2007.

-5-





**METROPOLITAN POLICE DEPARTMENT · CITY OF ST. LOUIS**

**INTELLIGENCE UNIT**

**CONFIDENTIAL MEMORANDUM**

CAPTAIN HENRY R. LLEWELLYN
COMMANDER
INTELLIGENCE UNIT

SIR:

      This memorandum contains information concerning an ongoing investigation involving Jerry Lewis Bey.

      On June 4, 1986, the F.B.I. agents and detectives listed below initiated a surveillance on subject of interest Jerry Lewis Bey, originating from 11882 San Remo, Spanish Lake Mo.;

```
S/A Douglas Dunnam.....Vehicle Surveillance
S/A Aaron Ford.........Vehicle Surveillance
S/A Connie Beacham.....Vehicle Surveillance
S/A Jim Tritt..........Vehicle Surveillance
S/A Pete Knese.........Aerial Surveillance
S/A Harwell Davis......Aerial Surveillance
Det. Frank Reed........Vehicle Surveillance
Det. Guinn M. Kelly....Vehicle Surveillance.
S/A Clark Young, A.T.F. Undercover Apt.
Det. Robert Nash....... Undercover Apt.
```

      8:46 a.m., B/F leaves 11882 San Remo in the Gold colored Mercedes.

      9:02 a.m., Jerry Lewis arrives at apartment driving green Pontiac, Mo./XYX/498.

      10:15 a.m., Jerry leaves apartment and drives south on Bellefontaine to Broadway.

      10:25 a.m., Jerry is detained by P.O. Jack Russell at Broadway and Hornsby after committing a traffic violation (Imp. Lane Usage). Jerry was issued a summons by P.O. Russell.

Plaintff Exh. AAA

OFFICERS   Guinn M. Kelly                CRUISER #   8118/8119

         Frank Reed                  DATE   June 5, 1986



GOVERNMENT EXHIBIT 61PR

Page Two
MST Memo
June 5, 1986

P.O. Russell conducted a serch of Jerry's vehicle and person for his safety. P.O. Russell stated that the vehicle was clean, however, Jerry was carrying a large sum of currency, approximately $2,000.00.

10:55 a.m., P.O. Russel leaves and Jerry remains at the used car lot. Jerry wals out to the street several times as if he is looking for someone.

11:00 a.m., Michael Williams Bey arrives in a blk./blue 1977 Dodge. Jerry enters the vehicle on the passenger side and both subjects drive off. They drive North on Broadway to Riverview, south on Riverview to 367, north on 367 to Redman where they drive onto a Phillips 66 Service Station lot to get gas.

11:10 a.m., arrive at the service station lot where both subjects get out of the vehicle. Michael W. pumps the gas and Jerry enters the gas station apparently to pay for the gas. They then re-enter the vehicle and west on Redman to Bellfontaine north on Bellfontaine to Rosado Dr.

11:15 a.m., they arrive back at the apartment at which time both subjects exit the vehicle and enter the apartment.

11:50 a.m., Jerry and Michael exit the apartment and enter the blue Dodge. They drive south on Bellfontaine to Riverview south on Riverview to Howell where Jerry exits the vehicle and enters the Ponderosa Restaurant.

12:03 p.m., after Jerry was let out at the restaurant Michael priceeded to Hornsby where he parked his vehicle in front of 1531 Hornsby. Michael W. was not observed entering 1528 Hornsby but it is believed that's the residence he went to. As you know 1528 Hornsby is the residence of Calvin Frazier. Jerry was observed ordering a salad and using the coin phone located inside the restaurant. The majority of the time he was inside the restaurant he remained on the coin phone.

12:45 p.m., Jerry was picked up by Michael W., wherein they proceeded south on Riverview to eastbound I-70 to Shreve, south on Marcus to the Family Market 4649 Carter.

The vehicle being operated by Michael W. was bearing Mo./1986 TCE-188, issued to Anthony Williams, 1226 N. 16th St., St. Louis, Mo., on a 1977 Dodge 4-door, VIN WH41G7A288340. TCE-188 at the time of this writing.

At approximately 12:50 p.m. the surveillance was terminated.

Kelly/Reed

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


UNITED STATES OF AMERICA,        )  Cause No: 91-1CR(6)
                                 )
       Plaintiffs,               )
                                 )  St. Louis, Missouri
vs.                              )
                                 )
JERRY LEWIS-BEY, et al.,         )  November 24, 1992
                                 )
       Defendants.               )


                           VOLUME 13
                      TRANSCRIPT OF TRIAL
          BEFORE THE HONORABLE GEORGE F. GUNN AND A JURY


APPEARANCES:

For the Government:          [handwritten: ?ISTA members having
                              pagers (investigation)]




For the Defendant
Jerry Lewis-Bey:             Mrs. Doris Black
                             314 North Broadway
                             St. Louis, MO  63102


For the Defendant
Carla Simone Seals:          Ms. Irene Smith
                             5055 Cote Brillante
                             St. Louis, MO  63113


For the Defendant
Raymond Amerson-Bey:         Mr. Alfred Speer
                             222 South Central
                             Suite 505
                             Clayton, MO  63105
```

[handwritten: Plaintiff's Exh. BBB]

```
 1    A.   No.
 2    Q.   But this garage faces Burwell and is right next
 3    to the front door, isn't?
 4    A.   Yeah, it facing to the street.
 5              MRS. BLACK:  Nothing further, Judge.
 6              THE COURT:  Anything further, Mr. Fagan?
 7              MR. FAGAN:  No, Your Honor.
 8              THE COURT:  All right.  You may be excused.
 9    Thank you for appearing.
10              MR. MEULEMAN:  Your Honor, the agents are
11    bringing in Dennis Becker.
12              THE COURT:  All right.
13              MR. MARTIN:  Your Honor, while we're
14    waiting, may the record reflect the witness did not
15    identify Mr. Noble Bennett and was not asked to do
16    so and in fact, stated earlier did not know him?
17              THE COURT:  Well, I'm not going to make
18    that determination.  That is up to the jury to
19    determine.
20         DENNIS BECKER, GOVERNMENT'S WITNESS, SWORN
21            DIRECT EXAMINATION BY MR. MEULEMAN
22    Q.   Would you state your name for the record,
23    please?
24    A.   Dennis Becker.
25    Q.   And your business or occupation?
```

1  A.  Special agent with the Bureau of Alcohol,
2  Tobacco and Firearms.
3  Q.  Agent Becker, how long have you been with the
4  Bureau of Alcohol, Tobacco and Firearms?
5  A.  Fifteen years.
6  Q.  Agent Becker, I'd like to direct your attention
7  to June 7, 1983.
8      How were you employed on that day?
9  A.  By the Bureau of Alcohol, Tobacco and Firearms.
10 Q.  And in connection with your duties with that
11 bureau, did you have an opportunity to review some
12 records of an outfit called Gencom, Inc. located on
13 Woodson Road in St. Louis County?
14 A.  Yes, sir, I did.
15 Q.  Could you describe to the jury generally what
16 business Gencom, Inc. was in at that time?
17 A.  It was a communications business where they had
18 pagers.  That was before cellular phones.  I think
19 they just had pagers and paging services.
20 Q.  And what was -- just briefly, what was the
21 purpose of your review of the records on that date?
22 A.  I was checking to see if members of the Moorish
23 Science Temple of America had pagers assigned to
24 them or used that service out there.
25 Q.  And what were the results of your review of

*New info sourcelocie chiefs of SLB and apenon MSTA members*
*MSTA of 3600 Grand during eviction*

| DEPARTMENT OF THE TREASURY |  |
|---|---|
| BUREAU OF ALCOHOL, TOBACCO AND FIREARMS | |

**REPORT OF INVESTIGATION—CONTINUATION SHEET**
*(Criminal Enforcement)*

PAGE 2 OF 3 PAGES

TITLE OF INVESTIGATION: **LEWIS, (Bey) Jerry**

UNIQUE IDENTIFIER: **33920-83-1501Y (01)(5)**

DETAILS (Continued)

▓▓▓▓ said the ▓▓▓▓ agents were not familiar with MST and had sent an inquiry to offices in the identified cities. ▓▓▓▓ stated he had prepared a response wherein he asked that this ▓▓▓▓ be re-interviewed in depth.

On ▓▓▓▓ 1985, at approximately 8:20 A.M., the St. Louis City Sheriff's Department evicted, without incident, the MST from the Fahame Temple, 3600 North Grand, St. Louis, Mo. During the eviction, Jerry Lewis Bey and several other MST members arrived at the scene. Special Agent ▓▓▓▓ conducted a distant surveillance and took photographs.

▓▓▓▓ is an associate of Jerry Lewis ▓▓▓▓ the (lease) with the Fahame Temple, according to statements made by Antar Tiari prior to his death. ▓▓▓▓ is also a principal in an active lawsuit against the State of Illinois, wherein, he and other selected MST people want to be allowed in the Illinois Penal Systems to counsel inmates desiring MST services or training.

▓▓▓▓ is described as follows:

On ▓▓▓▓ 1985, St. Louis 5th District Police responded to a call for a larceny of an automobile, belonging to ▓▓▓▓. They also found papers relating to activities of some of the MST people believed to be still in the Missouri State Penitentiary. (Refer to St. Louis P.D. CN # ▓▓▓▓.) The records are currently being examined by Detective ▓▓▓▓

(137)

ATF F 3270.3 (5-80)   EDITION OF 10-77 MAY BE USED

b7c

*Plaintiff Exh. CCC*