UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERRY LEWIS BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE, )<br>)<br>Defendant )<br>) | Civil Action No. 05-2241(GK) |

**RESPONSE TO PLAINTIFF'S "REPLY TO DEFENDANT'S
'SECOND MOTION' TO DISMISS AS MOOT"**

Defendant, United States Department of Justice, pursuant to this Court's Memorandum Order dated October 24, 2007, provides the following response to the Court:

1. The facts of the case and the history of Plaintiff's requests and his misrepresentations to the agency and the Court regarding the status of his collateral criminal matters are adequately set forth in Defendant's Motion to Dismiss, and the Court's Memorandum Order (Dkt. No. 19).

2. Plaintiff misconstrues the Defendant's argument with respect to the two 1983 files (No 33920 83 1501Y and No. 7665 0683 1501L), in order to create the mis-impression that responsive and disclosable material was withheld.  Indeed, Defendant informed the Plaintiff and the Court through the declaration of Marilyn LaBrie, Acting Chief of the Disclosure Division of the ATF, that both files were combined into one file and that the entire contents of the file were processed in response to Plaintiff's request.  LaBrie Decl. at ¶ 3.  Thus, despite the fact that Plaintiff only included investigation number 7665 0683 1501L as the subject of his complaint,

and that he was legally entitled only to the disclosable documents located in that file, Defendant reviewed and released segregable materials from both investigation files. Moreover, Defendant further established that every part of both investigation numbers within the 1983 file was reviewed for responsive documents, and that no other parts of these files are known to exist separately. See LaBrie Decl. at ¶ 4.

3. Plaintiff further contends that there are pen-register and toll records beyond the ones on which this Court has ruled. As set forth in the Defendant's initial Motion for Summary Judgment, the only pen register request made by Plaintiff was the very same one that the Court earlier ruled upon. Specifically, in his request for the 1983 file, Plaintiff only sought the toll records that the ATF allegedly had on his telephone number (314)741-3118. Def. Exhs. P and Q. That request was denied pursuant to FOIA exemptions (b)(7)(E) and (b)(7)(C), and Plaintiff did not appeal that denial. Def. Exh. S.

4. Regardless of the limits of Plaintiff's request for toll records, Defendant has demonstrated that the **entire** 1983 file was recently processed and reviewed for documents responsive to Plaintiff's request, see LaBrie Decl. at ¶ 3, and that all responsive and disclosable documents, including toll records not requested or specified by Plaintiff, were produced. See Fourth Supplemental Declaration of Averill Graham ("Fourth Graham Decl.") attached at ¶ 3. Defendant produced, with some redactions, 34 pages of toll records and electronic surveillance information not otherwise specified by Plaintiff in his FOIA request. Id. Accordingly, Plaintiff has received more than he would otherwise be entitled to under the FOIA, and cannot claim now that the Defendant has improperly withheld responsive and disclosable documents.

5. Plaintiff also claims that, because law enforcement officers testified or were mentioned at his trial, he is entitled to the release of all documents relating to those officers or

containing their names in response to his FOIA request.  The privacy interests of individuals, including law enforcement personnel, are not devalued by the mere fact that they may have testified at trial, particularly when Plaintiff has given no compelling reason why his interest in the disclosure of names would outweigh the privacy interests of such individuals.  Melville v. U.S. Dep't of Justice, No. 05-0645, 2006 WL 2927575, at *9 (D.D.C. Oct. 9, 2006); see also, Jones v. FBI, 41 F.3d 238, 247 (6th Cir. 1994).  Even if similar records were covered in testimony at trial, the actual roles of certain law enforcement officers in all parts of the investigation are not necessarily known to the Plaintiff or his associates and their release has the very real potential to pose a threat to the safety of such individuals and their family members.  In addition, the amount of time that has passed since Plaintiff's trial has caused these records to fall into practical obscurity; thus strengthening the privacy interests of law enforcement officers who may have testified or been mentioned at trial.  See U.S. Dep't of Justice v. Reporters Committee, 489 U.S. 749, 767 (1989); accord, Rose v. Dep't of the Air Force, 495 F.2d 261, 267 (2d Cir. 1974) (holding that reviving dormant memories constitutes an invasion of a person's privacy).  The fact that law enforcement officers testified at trial does not diminish the privacy concerns here.  The individuals, whose identities were redacted, continue to have a vested and compelling privacy interest and safety interest in their names remaining outside of the public domain, especially when Plaintiff and his associates have clearly demonstrated their capacity and propensity to retaliate against them.

   6. Additionally, as demonstrated in Defendant's response to Plaintiff's "Motion in Opposition to Dismiss as Moot," the mere fact that a person testified at trial or that the person's name was mentioned in a trial does not require disclosure of documents regarding that person from the investigative files.  Dkt. No.26 (*citing* Davis v. United States Dep't of Justice, 968 F.2d

1276, 1280 (D.C. Cir. 1992)).  Rather, Plaintiff must demonstrate that the exact document containing the third parties' names was entered into evidence in a public trial.  Davis, 968 F.2d at 1280 (requestor must point to "specific" documents or information "identical" to the information withheld).  Plaintiff has made no such showing here.

7.      Defendant's decision not to release the names of deceased individuals in Defendant's file is supported by the decision in Shores v. FBI, 185 F. Supp.2d 77, 85 (D.C. Cir. 2002) and other applicable caselaw.  Due to the demonstrated danger that Plaintiff poses to witnesses against him, even while he is incarcerated, the potential that a decedent's involvement in the case might antagonize the Plaintiff and endanger the decedent's family was determined by the Defendant not to merit the risk of release.

8.      Plaintiff further claims that one of the alleged names withheld was that of his deceased son, and is therefore not subject to the same protections as the names of other individuals involved in the investigation.  Whether or not Plaintiff's son is one of the names withheld is not relevant, nor does the allegation that Plaintiff was related to the third-party make the withholding otherwise improper.  The Courts have repeatedly advised that disclosure under the FOIA is to the public, and not to a particular individual.  Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975).  See also Oguaju v. United States, 288 F.3d 448, 450 (a plaintiff's personal interest is entitled to no weight under the FOIA), *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, __ U.S. __, 124 S.Ct. 1903 (2004), *judgment reinstated,* Ogauaju v. United States, __ F.3d __, 2004 WL 1822716 (D.C. Cir. August 17, 2004); Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981) (the FOIA was not intended to be an "administrative discovery statute for the benefit of private parties") (citing Ditlow, 517 F.2d at 171-72).  Thus, merely because the requestor alleges to know one of the third-parties does not

make that person's identity otherwise disclosable.

9.     Finally, Plaintiff blatantly misrepresents the statements made in Marilyn LaBrie's declaration, and alleges that surveillance photographs of Plaintiff are in the 1983 file. This is not true. Ms. LaBrie clearly stated that there are no photographs of the Plaintiff in the 1983 case files. See LaBrie Decl. at ¶ 4. Defendant cannot make that fact any clearer, and Plaintiff has failed to make any showing to the contrary.

Accordingly, because Defendant properly processed Plaintiff's FOIA request, the matter should be dismissed as moot.

                                  Respectfully submitted,

                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                  United States Attorney

                                  /S/
                                  RUDOLPH CONTRERAS, D.C. Bar # 434122
                                  Assistant United States Attorney

                                  /S/
                                  DARRELL C. VALDEZ, D.C. BAR # 420232
                                  Assistant United States Attorney
                                  Judiciary Center Building
                                  555 4th St., N.W., Civil Division
                                  Washington, D.C.  20530
                                  (202) 307-2843

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Response was served by first class mail upon *pro se* plaintiff at:

Jerry Lewis Bey
Reg. No. 22328-044
Federal Correction Institution - Marion
P.O. Box 1000
Marion, IL 62959

on this 1st day of November, 2007.

_____
DARRELL VALDEZ, D.C. Bar #420232
Assistant United States Attorney