UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,  )
       Plaintiff,  )
    )
-v-  )  Civil Action No. 05-2241 (GK)
    )
UNITED STATES DEPARTMENT  )
OF JUSTICE,  )
       Defendant.  )

## REPLY TO DEFENDANT'S "THIRD MOTION" TO DISMISS AS MOOT

    Comes Now the Petitioner, Jerry Lewis Bey, pro se, and respectfully file his Response to Defendant's Third Motion to Dismiss as Moot and states as follows:

    1.  Again, Defendant (p.1) continues to misrepresent to this Court what is not in the two 1983 files (No. 33920 83 1501Y and No. 7665 0683 1501L) and what information should not be revealed to Plaintiff.

    2.  There is no mis-impression by Plaintiff that responsive and disclosable material was withheld. It's clear from the record that Defendant is withholding disclosable material as has been the case throughout this case. Assuming this Court would take Defendant's position that Plaintiff only included investigation Number 7665 0683 1501L as the subject of his complaint, the fact still remains that both files were part of the same 1983 investigation and according to Defendant merged as one. In addition

RECEIVED
NOV 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff had <u>no</u> knowledge that there was a second 1983 file. The history of this case show that Plaintiff requested all information from a 1983 ATF file and it was the ATF Disclosure Division in the early stages of Plaintiff's request identified only one file existence after claiming for years no such file existed.

3.   Defendant (p.2) contends that there was only one pen register request made by Plaintiff.  This statement is misleading, as Plaintiff after identifying specific records "requested any/all information in the 1983 file on himself and the Moorish Science Temple of America ("MSTA"), which would have included <u>all</u> pen registers and toll records on Plaintiff and the MSTA.

4.   Defendant (p.2) also misconstrues Plaintiff's argument with respect to documents relating to the officers who testified or were mentioned at Plaintiff's trial.  First, Plaintiff <u>never</u> requested all documents relating to those officers as claimed by Defendant (pp. 2-3), rather, Plaintiff only requested their investigation reports.  Second, Plaintiff <u>never</u> requested any records relating to any other role these officers may have taken during the investigation such as acting as an undercover role.

5.   It's undisputed that ATF Agent Dennis Becker testified twice at Plaintiff's trial and that his testimony was based on the June 17, 1983 ATF investigation report which concern events that occurred on June 7, 1983.  This report was entered into evidence by the prosecution as was the report attached as Plaintiff's Exhibit AAA and filed with Plaintiff's October 4, 2007 Reply Motion.  Prior to Plaintiff filing the Civil Complaint now before this Court, Defendant pursuant to the FOIA disclosed the June 17, 1983 report, however, agent Becker's name was deleted even though there was no privacy interest to protect. <u>Davis v. United States Department of Justice</u>, 968 F.2d 1276, 1280 (D.C. Cir. 1992).

6.  Defendant (p.4) decision not to release the names of deceased individuals is not supported by Shores v. FBI, 185 F. Supp.2d 77, 85 (D.C. Cir. 2002), as the names sought in the ATF 1983 reports are not witnesses nor informants, rather, they were members of the MSTA and did not testify against Plaintiff as was the case in Shores. Defendant is again attempting to circumvent the principles of the FOIA.

7.  Defendant (p.5) continues to mislead this Court as its clear that Ms. LaBrie clearly stated that there are no photographs of Plaintiff in the 1983 file. However, as Plaintiff pointed out in his exhibit CCC, "photographs were taken of Plaintiff and was part of the 1983 case file. Photographs do not just up and disappear from a government file and if Defendant insist that the photographs are not in the file, Defendant should disclose the records showing what lawenforcement officers/agencies the ATF released the file to or had access to the file since the investigation was officially closed on April 7, 1987.

Accordingly, this matter should not be dismissed as moot until Plaintiff's FOIA request has been properly processed.

Respectfully submitted,

*Jerry Lewis Bey*
Jerry Lewis Bey-22328-044
FCI Marion
P.O. Box 1000
Marion, Illinois  62959

-3-

## CERTIFICATE OF SERVICE

I certify I caused a copy of the foregoing Plaintiff's Reply to be served by first class mail upon Defendant at:

> Darrell C. Valdez, D.C. Bar ç420232
> Assistant United States Attorney
> Judiciary Center Building
> 555 4th St., N.W., Civil Division
> Washington, D.C.  20530

On this 14 day of November, 2007.

Jerry Lewis Bey-22828-044