UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY LEWIS BEY,                )
                                )
        Plaintiff,               )
                                )
    v.                          )   Civil Action No. 05-2241 (GK)
                                )
UNITED STATES DEPARTMENT        )
OF JUSTICE,                     )
                                )
        Defendant.               )

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Status Report Regarding Its Disclosure of Segregable Records to Plaintiff [Dkt. #24]. Insofar as Defendant requests dismissal of this action as moot, the Court construes the submission as a motion to dismiss. The motion will be denied without prejudice.

I.   BACKGROUND

In 1997, Plaintiff submitted the first of many requests for information about himself and his organization, the Moorish Science Temple of America, under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the entity now known as the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").[1] *See* Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mot."), Declaration of Averill P. Graham

---

[1]   Although the United States Department of Justice is the proper defendant to this FOIA case, *see* 5 U.S.C. §§ 551(1), 552(f)(1), for convenience, the Court will refer to the defendant as "ATF."

1

("Graham Decl.") ¶ 3 & Ex. A (July 4, 1997 FOIA request). Plaintiff explained that ATF Special Agents obtained information about him and his organization, the Moorish Science Temple of America, from a pen register at his wife's residence, from video surveillance, and from witness interviews taken in the course of an investigation conducted in the 1980's through the early 1990's. *See id.*, Ex. A at 1-3. According to Plaintiff, this information led to his arrest and ultimately to his criminal conviction. *See id.* at 3.

Relying on FOIA Exemption 7(A), the ATF refused to disclose any of the responsive records because there were "on-going enforcement proceedings" at that time. Graham Decl. ¶ 10. Plaintiff requested reconsideration of this decision in April 2000, *id.* ¶ 11, and on June 2, 2000, the ATF "released 100 partially redacted pages [and] advised [P]laintiff that another 357 pages remained in the file which he could receive upon receipt of the associated [copying] fee of $52.50." *Id.* ¶ 12; *see id.*, Ex. J (June 2, 2000 letter from from A.P. Graham, Disclosure Specialist, ATF, Ref. 00-1499). The ATF released the remaining redacted pages on receipt of Plaintiff's payment in full of the copying fees. *See id.*, Ex. L (July 3, 2000 letter from A.P. Graham, Ref. 00-1499).

In July 2000, Plaintiff submitted three FOIA requests to the ATF. *See* Compl. ¶¶ 5-6; Graham Decl. ¶¶ 15-17. In his first request, Plaintiff acknowledged receipt of the records released on

July 3, 2000, and in addition sought release of "all pen registers, surve[i]llance logs, and toll records" for the period from "April 1986 to July 1986 . . . at 11882 San Remo."  Graham Decl., Ex. M (July 17, 2000 letter from Plaintiff, Ref. 00-1499).  Plaintiff believed that this information would be found in what he labelled the ATF's "1983 investigation file."  Compl. ¶ 5.  In his second request, Plaintiff sought "information maintained in [ATF] files on a Fred Knox, who was killed in St. Louis, Missouri on October 3, 1990," including "interviews of Mr. Knox and ATF agents in St. Louis between April 1989 and November 1990."  Graham Decl., Ex. N (July 27, 2000 letter, Ref. "ATF Records on Fred Knox").  In his third request, Plaintiff sought "all records of a pen-register that the ATF . . . had on [his] telephone . . . from April 1986 through July 31, 1986," including "all surve[i]llance logs, notes, and any debriefing reports and photos."  *Id.*, Ex. P (July 27, 2000 letter, Ref. "ATF Records on Jerry Lewis Bey From May 1, 1986-July 31, 1986").

The ATF responded to the July 2000 requests by refusing to release pen register records under FOIA Exemptions 7(C) and 7(E), by stating that it found no videotapes, by releasing some information pertaining to Mr. Knox, and by denying the existence of a 1983 investigation file.  Graham Decl. ¶ 19 & Ex. S (September 29, 2000 letter from A.P. Graham, Ref. 00-2239).  According to the ATF, the only investigative file it maintained was "a 1988 case

file," noting that "prior to that time ATF could have been part of a task force and was not necessarily the lead agency" conducting the investigation as Plaintiff suggested.[2]  *Id.*, Ex. S.

In subsequent FOIA requests, Plaintiff sought records which he believed were gathered by ATF Special Agents in 1983.  *See* Graham Decl. ¶¶ 20, 23 & Ex. T (May 11, 2001 letter, Ref. "FOIPA Disclosure on Jerry Lewis Bey And The Moorish Science Temple In 1983"), W (July 5, 2001 letter, Ref. 01-1718).  The ATF maintained that it could not locate a 1983 investigative file.  *Id.* ¶¶ 21-22, 24 & Ex. U, V, X (June 20, 2001, June 26, 2001, and July 23, 2001 letters from A.P. Graham).  However, the ATF located a 1988 file "pertaining to the 'Moorish Science Temple'" which was "available upon request (ATF investigative file 33290 88 1540G).'"  *Id.* ¶ 24.  The ATF "deemed [the 1988 investigative file] not responsive since it is a 1988 case, and not a 1983 case as [Plaintiff] requested."  *Id.*, Ex. X (July 23, 2001 letter from A.P. Graham, Ref. 01-1869).

This 1988 investigative file pertaining to the Moorish Science Temple of America was the subject of Plaintiff's next FOIA request.  Graham Decl. ¶ 25 & Ex. Y (July 31, 2001 letter, Ref. 01-1869).  "Upon consultation with the United States Attorney's Office (USAO) for the Eastern District of Missouri (EDMO)," *id.* ¶ 26 n.4, the ATF determined that Plaintiff's criminal case remained open on appeal.

---

[2]   The record shows that the "ATF was assisting the Federal Bureau of Investigation, Drug Enforcement Administration, and St. Louis Police Department in this investigation."  Graham Decl. ¶ 65.

*Id.* ¶ 26.  For this reason, the ATF refused to release the 1988 investigative file under FOIA Exemption 7(A).  *Id.* & Ex. Z (August 13, 2001 letter from A.P. Graham, Ref. 01-2089).  In addition, it relied on FOIA Exemptions 2, 7(C), and 7(E).  *Id.*, Ex. Z.

On July 30, 2003, Plaintiff submitted a FOIA request for "a copy of a June 7, 1983 ATF report written by [a] Special Agent . . . of the Bureau of Alcohol, Tobacco and Firearms" and for release of the entire 1988 investigative file.  Graham Decl., Ex. PP (July 30, 2003 FOIA request, later designated Ref. 03-2174).  This request led to the discovery of the 1983 investigative file (ATF File No. 33920 83 1501Y) in the office of the St. Louis Field Division, *id.* ¶ 41 n.6, the same 1983 investigative file that the agency steadfastly had denied existed.  The ATF nonetheless refused to release the 1983 file under FOIA Exemption 7(A) because the requested records "related to an ongoing investigation."  *Id.* ¶ 42; *see id.*, Ex. QQ (August 12, 2003 letter from A.P. Graham, Ref. 03-2174).

The last FOIA request relevant to this civil action was for ATF File No. 7665 0683 1501 L (01), which pertained to Plaintiff and the Moorish Science Temple of America.  Compl. ¶ 24; Graham Decl. ¶ 45 & Ex. TT (January 24, 2004 FOIA request).  This file was part of the larger 1983 investigation file, ATF File No. 33920 83

1501Y, which had been withheld under Exemption 7(A).[3] Graham Decl. ¶¶ 41, 45. The ATF refused to release the requested file under FOIA Exemption 7(A). Id. ¶ 46 & Ex. UU (February 19, 2004 letter from A.P. Graham, Ref. 04-777 AG).

On the mistaken belief that there were no further criminal proceedings pending, the ATF released to Plaintiff a redacted copy of the June 7, 1983 report. Graham Decl. ¶ 44 & Ex. SS (January 6, 2004 letter from A.P. Graham, Ref. 03-2174). Plaintiff's subsequent efforts to secure release of the entire 1983 and 1998 investigative files were unsuccessful when it became known that criminal proceedings were ongoing. See Graham Decl. ¶¶ 45-60.

In his Complaint, Plaintiff alleges that the ATF fails to comply with FOIA as it refuses to release records pertaining to

---

[3]   The ATF's initial search of its TECS database using Plaintiff's full name as a search term located records in the ATF's St. Louis Field Division; these records were retrievable under Criminal Investigation Number 33920 88 1510 X. Graham Decl. ¶ 110. Criminal Investigation Number 33920 88 1510 X was "the only ATF file associated with [P]laintiff's name in the TECS database and was released in June 2000." Id. A TECS search using "Moorish Science Temple" as a search term yielded "investigative case file 33920 88 1540G, also a St. Louis Field Division case file." Id.
    In response to Plaintiff's opposition to the ATF's motion to dismiss, ATF staff "conducted another thorough review of the 1983 case file." Reply to Plaintiff's "Motion in Opposition to Dismiss as Moot," Attach. (Declaration of Marilyn R. LaBrie) ¶ 3. This review revealed that the file "contained documents with several different Investigation Numbers including: 33920 83 1501Y and 7665 0683 1510L and additionally some documents from a 1988 case file. It is unclear whether the two 1983 case file numbers were interchangeable or whether the file had been rearranged for some purpose; however, it appears that the different case numbers were merged[.]" Id.

himself and to the Moorish Science Temple of America "located in [ATF] file 7665 0683 1501 (01), which [] originated out of the [ATF] St. Louis field office."  Compl. ¶ 1.  This file is the subject of Plaintiff's January 24, 2004 FOIA request and is a part of the 1983 investigation file, ATF File No. 33920 83 1501 Y.  *See* Graham Decl. ¶¶ 41, 45 n.9 & Ex. TT.  In addition, Plaintiff alleges that the ATF refuses to release records pertaining to him and to the Moorish Science Temple of America maintained in the 1983 investigation file.  *See* Compl.¶¶ 5-6, 8, 10, 12, 14.

The ATF moved for summary judgment, and in its March 20, 2007 Memorandum Order, the Court granted the motion in part.  The Court concluded that the ATF conducted an adequate search for records responsive to Plaintiff's FOIA requests, that Plaintiff failed to exhaust his administrative remedies with regard to his requests for pen register records, and that Plaintiff conceded the validity of the ATF's decision to withhold records or portions of records under FOIA Exemptions 2, 3, 7(C), 7(D), 7(E), and 7(F).  There was no dispute that the responsive records are law enforcement records within the scope of FOIA Exemption 7.

The Court further concluded that the ATF's decision to withhold records under FOIA Exemption 7(A) was proper.  The ATF demonstrated the possibility of a prospective enforcement proceeding and, in the "unique set of circumstances" presented in this case, release of the records could reasonably be expected to

7

interfere with such an enforcement proceeding. Mem. Order at 15.

The ATF designated three categories of records withheld under FOIA Exemption 7(A): (1) Reports of Investigation, (2) investigator's contemporaneous notes, and (3) activity reports. Mem. Order at 19. The ATF adequately demonstrated that the first category of documents, ATF Reports of Investigation, were properly withheld, and in this respect its summary judgment motion was granted. *Id.* at 20. However, the ATF did not show that all reasonably segregable portions of the records in the second and third categories were released to Plaintiff. *Id.* at 20-21. Nor did the ATF establish that, after having redacted certain information under FOIA Exemptions 2, 3, 7(A), 7(C), 7(D), 7(E), and 7(F), all reasonably segregable information had been released to Plaintiff. *Id.* at 22-23. For this reason, the Court held the matter in abeyance until the ATF submitted a supplemental declaration or report.

Subsequently, the ATF notified the Court that "Plaintiff's collateral matter before the Eighth Circuit Court of Appeals, which formed the basis for the Exemption 7(A) claim, was dismissed by the Circuit Court on April 9, 2007." Defendant's Status Report Regarding Its Disclosure of Segregable Records To Plaintiff [Dkt. #23] ¶ 3. The ATF then "began processing Plaintiff's FOIA request for segregability and disclosure pursuant to the FOIA, including the first category of documents that the Court held were protected

by Exemption 7(A)." *Id.* When the ATF completed the processing of these records, it "determined that approximately 337 pages were responsive to Plaintiff's request." Defendant's Status Report [Dkt. #24] ¶ 4. On August 8, 2007, it "provided approximately 300 pages to Plaintiff and withheld four documents (consisting of 7 pages) in full pursuant to FOIA [E]xemption 7(C) and Fed. R. Crim. P. 6(e)." *Id.* In addition, it redacted certain documents under FOIA Exemptions 2, 3, 5, 7(C), 7(D) and 7(E). *Id.* With this release, the ATF informed Plaintiff of his right to pursue an administrative appeal. *Id.* & Attach. (Document Cover Sheet - Exemptions List and Appeal Rights).

The ATF now requests dismissal of this action as moot. Defendant's Status Report [Dkt. #24]. Plaintiff opposes dismissal, citing a number of items requested but not included in the August 8, 2007 release, as well as his objections to the deletion of certain information under FOIA Exemption 7(C). *See* Plaintiff's Motion in Opposition to Dismiss as Moot [Dkt. #25] ¶¶ 5-11; Reply to Plaintiff's "Motion in Opposition to Dismiss as Moot" [Dkt. #26] ¶¶ 4-6; Reply to Defendant's "Third Motion" to Dismiss as Moot" [Dkt. #31] ¶¶ 4-6. In their subsequent filings, the parties argue over the content and scope of Plaintiff's FOIA requests and dispute whether the ATF met its obligations under FOIA. At this point, both parties proceed as if Plaintiff requested the entire 1983 investigation file. *See* Reply to Defendant's "Second Motion" to

Dismiss as Moot [Dkt. #27] ¶ 2; Response to Plaintiff's "Reply to Defendant's 'Second Motion' to Dismiss as Moot" [Dkt. #30] ¶ 4.

Where, as here, an agency "declines to disclose a document[,] the burden is upon the agency to prove *de novo* in [the] trial court that the information sought fits under one of the exemptions to the FOIA." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973). "A court faced only with an agency's claim that documents are exempt cannot conduct a meaningful review of the agency's decision to withhold those documents." *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 873 (D.N.J. 1993) (citation omitted). The ATF's August 8, 2007 disclosure is accompanied only by a cover sheet summarizing the number of pages located, the number of documents withheld in full, and listing the exemptions claimed. *See* Defendant's Status Report [Dkt. #24], Attach.  Absent a declaration, affidavit, or index describing the records withheld and a showing that the records fall within the claimed exemptions, the Court cannot determine whether the ATF properly withheld records found in the 1983 investigation file.

Based on the current record, long and complex as it is, the Court cannot determine whether dismissal of this case as moot is now appropriate.  Therefore, the Court will deny the ATF's motion to dismiss without prejudice and direct it to file a proper dispositive motion, with supporting declarations or exhibits as appropriate, to which Plaintiff can respond and on which the Court

may rule when fully briefed. An Order consistent with this Memorandum Opinion is issued separately.

                                                                                   */s/*
                                            GLADYS KESSLER
                                            United States District Judge

DATE: July 7, 2008