**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| Page Number(s) | Description | Exemption Claimed | Justification |
|---|---|---|---|
| 1-4 | Metropolitan Police Department – City of St. Louis Report and Correspondence Sheet | (b)(2) (b)(7)(C)[1] (b)(7)(D)* Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal and state law enforcement officers and personnel; Names and identifying information of third parties in a law enforcement file; Identifying information of a confidential source. |
| 5-7 | ATF Investigative Case Summary | (b)(2) (b)(7)(C) (b)(7)(D)* Released in Part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file; Identifying information of a confidential source. |
| 8-19 | ATF Report of Expenditures- Funds for Investigative Purposes and Receipts for Expenditures | (b)(2) (b)(5) (b)(7)(C) (b)(7)(D)* Released in part | Law enforcement codes that could be used to circumvent a criminal law enforcement database; Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal law enforcement personnel; Names and identifying information of State and local law enforcement personnel; Identifying information of a confidential source. |
| 20 | ATF- Case Summary | (b)(2) (b)(7)(C) Released in part | Law enforcement codes that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement officers. |

---

[1] Certain dates have been redacted throughout the file. The dates were redacted in accordance with Exemption (b)(7)(D) and (b)(2) because they could be used as identifying information for confidential sources (see below asterisk). There were so many confidential sources in the file and the identity and privacy of the third parties in the file were considered highly crucial to keep safe due to the danger Mr. Bey has posed to witnesses and law enforcement in the past; therefore, it was often difficult to distinguish whether a third party was an informant, or the information was tied into the informant's information, and in those cases, the dates were redacted as well.

** Although (b)(7)(D) was inadvertently left off of the bottom of these documents, it is being claimed now to be used in conjunction with (b)(2) to protect the identity of a confidential source. Because this exemption was omitted frequently throughout the file where (b)(2) was claimed, the asterisk is used for any (b)(7)(D) which is being added for purposes of use in conjunction with (b)(2). In some instances, we broke it out further to delineate page numbers when many documents were grouped together.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 21 | Report of Investigation | (b)(2) (b)(7)(C) (b)(7)(D) Released in part | Law enforcement codes that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 22-26 | Report of Investigation | (b)(2) (b)(7)(C) (b)(7)(D) Released in part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file; Identifying information of a confidential source; |
| 27-28 | Report of Investigation | (b)(2) (b)(7)(C) (b)(7)(D)* Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file; identifying information of a confidential source. |
| 29-30 | Report of Investigation | (b)(2) (b)(7)(C) (b)(7)(D)* Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file; Identifying information of a confidential source. |
| 31-36 | Report of Investigation | (b)(5) (b)(7)(C) (b)(7)(D) (b)(7)(E) Released in part | Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal law enforcement personnel; Names and information of state and local law enforcement personnel; Names and identifying information of third parties in a law enforcement file; identifying information of a confidential source; law enforcement techniques the release of which would facilitate circumvention of the law. |
| 37-38 | Report of Investigation – CIP (2) | (b)(2) (b)(7)(C) Released in | Law enforcement codes that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Names and |

2

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | part | identifying information of state and local law enforcement personnel;. |
|---|---|---|---|---|
| 39 | Investigative File Log | | (b)(2) Withheld in full | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database. |
| 40-41 | TECS Organization Subject Entry | | (b)(2) (b)(7)(C) Released in part | Law enforcement codes that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal and state law enforcement personnel. Names and identifying information of third parties in a law enforcement file; |
| 42 | Memorandum to Special Agent in Charge | | (b)(7)(C) Released in part | Name and identifying information of Federal law enforcement officer; Names and identifying information of third parties in a law enforcement file. |
| 43 | Report of Laboratory Examination | | (b)(2) (b)(7)(C) Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal law enforcement officers and personnel. |
| 44 | Memorandum to Special Agent in Charge | | (b)(7)(C) Released in part | Name and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file;[2] |
| 45-49 | Report of Investigation | | (b)(5) (b)(7)(C) (b)(7)(D) Released in part | Documents and techniques the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal law enforcement personnel; Names and identifying information of third parties in a law enforcement file; identifying information of a confidential source. |
| 50-53 | Report of Investigation | | (b)(2) (b)(7)(C) (b)(7)(D) Released in part | Internal administrative information that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Unsegregable 3rd party information; identifying information of a confidential source. |
| 54-55 | Report of Investigation | | (b)(2) (b)(7)(C) (b)(7)(D) | Internal administrative information that could be used to circumvent a criminal law enforcement database and discover a confidential informant's identity; Names and identifying |

---

[2] (b)(5) was inadvertently marked at the bottom of the page; however, it does not seem to apply to the redactions made.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | | |
|---|---|---|---|---|
| | | | Released in part | information of Federal and state law enforcement personnel; Unsegregable 3rd party information Outside the scope of the FOIA request.; Names and identifying information of third parties in a law enforcement file; name and identifying information of a confidential source; |
| 56-57 | Special Deputation | | (b)(7)(C) Withheld in full | Unsegregable 3rd party information, would constitute an unwarranted invasion of privacy, outside the scope of the FOIA request as no mention of Jerry Lewis Bey or the MST. |
| 58-59 | Report of Expenditures | | (b)(2) (b)(7)(C) Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal administrative information that could be used to identify an undercover operation; Names and identifying information of Federal law enforcement personnel. |
| 60 | Payment Receipt for Investigative Expenses | | (b)(2) (b)(7)(C) Released in part | Internal administrative information that could be used to identify an undercover operation; Names and identifying information of Federal law enforcement personnel. |
| 61 | Recovery of Investigative Funds | | (b)(2)[3] (b)(7)(C) (b)(7)(D) Released in part | Internal administrative information that could be used to identify an undercover operation and a confidential source; Name and identifying information of Federal law enforcement personnel; Name and identifying information of state/local law enforcement. |
| 62-63 | Report of Expenditures | | (b)(2) (b)(7)(C) (b)(7)(D)[4] Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and Internal administrative information that could be used to identify an undercover operation and a confidential source; Names and identifying information of Federal law enforcement personnel; name and identifying information of a confidential source. |
| 64 | Payment Receipt for Investigative Expenses | | (b)(2) (b)(7)(C) Released in part | Internal administrative information that could be used to identify an undercover operation; Names and identifying information of Federal law enforcement personnel. |

---

[3] (b)(2) and (b)(7)(D) were inadvertently omitted for the information redacted. The Disclosure Division is claiming it now, because the redacted information contained dates and information related to an undercover source.

[4] Page 63 and 61 are duplicates, (b)(2) was correctly claimed on 63; however, (b)(7)(D) should have been included as well and we are claiming it now.

4

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 65-66 | Report of Expenditures | (b)(2) (b)(7)(C) (b)(7)(D)* (b)(7)(E) Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal information that could be used to identify a confidential informant; Names and identifying information of Federal law enforcement personnel; identifying information of a confidential source; law enforcement techniques the release of which would risk circumvention. |
| 67 | Request of Advance for Funds | (b)(2) (b)(7)(C) (b)(7)(D)* (b)(7)(E)[5] Released in part | Internal administrative information that could be used to identify a confidential source; Names and identifying information of Federal and state law enforcement personnel; names and identifying information of third-parties; name and identifying information of a confidential source; law enforcement techniques the release of which would risk circumvention. |
| 68-69 | Report of Expenditures | (b)(2) (b)(7)(C) (b)(7)(D) Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal administrative information that could be used to identify a confidential source; Names and identifying information of Federal law enforcement personnel; Name and identifying information of a confidential source. |
| 70-71 | Payment Receipt for Investigative Expenses | (b)(2)[6] (b)(7)(C) (b)(7)(D)* Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and identifying information that could reveal a confidential source; Name and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 72-73 | Report of Expenditures | (b)(2) (b)(7)(C) (b)(7)(D)* Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal identifying information that could reveal a confidential source; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |

---

[5] (b)(7)(E) was inadvertently left off of the bottom of the page, but should have been used for the law enforcement techniques information redacted.
[6] (b)(2) was claimed on page 70, but not on 71 where it should have been claimed as well for internal administrative codes redacted.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 74 | Request for Advance of Funds | (b)(2)<br>(b)(7)(C)<br>(b)(7)(D)<br>Released in part | Internal identifying information that could reveal a confidential source; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 75-80 | Payment Receipts for Investigative Expenses | (b)(2)[7]<br>(b)(7)(C)<br>(b)(7)(D)*<br>Released in part | Internal identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 81 | Recovery of Investigative Funds | (b)(7)(D)<br>Released in part[8] | Identifying information of a confidential source. |
| 82-84 | Report of Expenditures | (b)(2)<br>(b)(7)(C)<br>(b)(7)(D)*<br>Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 85-87 | Report of Expenditures | (b)(2)<br>(b)(7)(C)<br>(b)(7)(D)*<br>Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Identifying information of a confidential source. |
| 88-121 | Reports of Investigation: Special Agent in Charge, St. Louis | (b)(2)<br>(b)(7)(C)<br>(b)(7)(D)*[9]<br>(b)(7)(E)<br>Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and internal identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal and state law enforcement personnel; Names and identifying information of 3rd parties in a law enforcement file; Portions of unsegregable 3rd Party Information that would reveal name and identifying information of Federal, |

---

[7] (b)(2) should also have been included on page 80 in addition to the others for information which would reveal a confidential source.
[8] (b)(7)(C) was marked at the bottom of this page in addition to (b)(7)(D), but we are no longer claiming it, as (b)(7)(D) more appropriately applies here.  The same marking problem occurred on page 84.

6

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

|  |  |  |  |
|---|---|---|---|
|  |  |  | state, local law enforcement personnel, as well as confidential sources; identifying information of confidential sources; law enforcement techniques which would risk circumvention. |
| 122 | Order Extending Use of a Pen Register | (b)(7)(C) Released in part[10] | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal law enforcement personnel; Name identifying information, telephone, address of a third-party. |
| 123-142 | Report of Investigation | (b)(2)[11] (b)(5)[12] (b)(7)(C) (b)(7)(D)* (b)(7)(E)[13] Released in part | Internal administrative identifying information that could reveal a confidential source or undercover; Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal and state law enforcement personnel; Names and identifying information of third parties in a law enforcement file; Names and identifying information of a confidential sources;[14] Portions of Unsegregable 3rd Party Information; law enforcement techniques which would risk circumvention. |

---

[9] (b)(2) and (b)(7)(D) should have been marked on pages 92 and 94 and (b)(7)(D) should have been marked in conjunction with (b)(2) on pages 89, 91, 98, 105, 113, 119, 120, 121 and (b)(7)(D) should have been used in addition to (b)(7)(C) on pages 101-104.
[10] (b)(2) was inadvertently used on this page, but we are no longer claiming it.  (b)(2) was also inadvertently marked on page 124.

[11] (b)(2) and (b)(7)(D) should have been marked at the bottom of page 128, 130, 136-141.  And (b)(7)(D) should have been claimed on p. 129, 134 in conjunction with (b)(2).  (b)(2) should be added in conjunction with (b)(7)(D) on page 132.
[12] Page 130 we are claiming (b)(5) here for a redaction made to a special agent's deliberative process which was inadvertently left off of the bottom of the page.
[13] In addition to the correct claims of (b)(7)(E), it should have been claimed on pages 94, 97, 99, 100, 110, 111, 135.
[14] (b)(7)(D) was used correctly on most pages in this Report; however, there were instances when it should have been claimed in conjunction to (b)(7)(D).

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 143-148 | Report of Investigation | (b)(2)[15] (b)(5) (b)(7)(C) (b)(7)(D) Released in part | Internal administrative identifying information that could reveal a confidential source or undercover; Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal and state law enforcement personnel; Portions of unsegregable 3rd Party Information; Names and identifying information of confidential sources; |
| 149 | Report of Investigation Continuation Sheet (2 pages) | (b)(7)(C) Withheld in full | Unsegregable 3rd party information; outside the scope of the FOIA request; No mention of Jerry Lewis Bey or the Moorish Science Temple. |
| 150-153 | Report of Investigation Continuation Sheets | (b)(2) (b)(7)(C) (b)(7)(D)[16] Released in part | Internal administrative identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Names and identifying information of state/local law enforcement personnel; Portions of unsegregable 3rd Party Information; Names and identifying information of confidential sources; |
| 154 | Report of Investigation | (b)(7)(C) (b)(7)(E) Released in part | Name and identifying information of Federal law enforcement personnel; law enforcement techniques which would risk circumvention of the law. [17] |
| 155 | Report of Investigation Continuation Sheet | (b)(7)(C) Released in part | Contains unsegregable third-party information; Outside the scope of the FOIA request; No mention of Jerry Lewis Bey or The Moorish Science Temple. |
| 156-159[18] | Report of Investigation – CIP (16) | (b)(2) (b)(5)[19] (b)(7)(C) (b)(7)(D)[20] Released in part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and Internal administrative identifying information that could reveal a confidential source or undercover; Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and |

---

[15] (b)(2) should have been marked in conjunction with (b)(7)(D) on page 143, 144 and (b)(7)(D) and (b)(2) should have been marked on page 147.

[16] (b)(7)(D) is being claimed on page 150 in addition to its other claims in conjunction with (b)(2). (b)(2) should have been marked on page 151 in conjunction with (b)(7)(D).

[17] Originally, a certain portion of page 154 was redacted under (b)(3) because disclosure of the information would violate Public Law 108-447. However, after further review, there was no trace data contained in the document that would violate Public Law 108-447. Therefore, page 154 will be re-released in part.

VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| | | | |
|---|---|---|---|
| | | | identifying information of Federal law enforcement personnel; Names and identifying information of 3rd parties in a law enforcement file; Names and identifying information of a confidential source; Unsegregable 3rd Party; Sections outside the scope of the FOIA request; Sections with no mention of Jerry Lewis Bey or the Moorish Science Temple. |
| 160 | | (b)(7)(C) Released in Part | Contains unsegregable third-party information; Outside the scope of the FOIA request; No mention of Jerry Lewis Bey or The Moorish Science Temple. |
| 161-165 | Report of Investigation | (b)(2)[21] (b)(5) (b)(7)(C) (b)(7)(D) Released in part | Internal administrative identifying information that could reveal a confidential source or undercover; Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of Federal law enforcement personnel; Names and identifying information of state/local law enforcement personnel; Names and identifying information of third parties in a law enforcement file; Portions of unsegregable 3rd Party Information Sections outside the scope of the FOIA request; Sections with no mention of Jerry Lewis Bey or the Moorish Science Temple; would result in disclosure of ATF techniques and procedures. Names and identifying information of confidential sources. |
| 166 | Letter from United States Attorney | (b)(3) (b)(7)(C) Released in part | Production of document is specifically exempted from disclosure by statute, Fed. R. Crim. P. 6E; also outside the scope of the FOIA request; unsegregable 3rd party information, no mention of Jerry Lewis Bey or the Moorish Science Temple. |
| 167 | Report of Investigation Chicago District Office | (b)(7)(C)[22] Released in part | Unsegregable 3rd Party information; Outside scope of FOIA request; No mention of Jerry Lewis Bey or Moorish Science Temple. |

---

[18] There were two p. 159s accidentally misnumbered. We are including both here as 159A and 159B.
[19] (b)(5) also should have been marked at the bottom of 159A. As there were two 159s.
[20] (b)(2) and (b)(7)(D) should have been included in conjunction for 159B.
[21] (b)(2) should have been included at the bottom of the page of 162 and both (b)(7)(D) and (b)(2) should have been included on p. 161.
[22] (b)(3) Rule 6e was claimed on this page, but on further inspection, we are no longer claiming it.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 168 | Letter From United States Attorney | (b)(3) (b)(5) (b)(7)(C) Withheld in Full | Production of document is specifically exempted from disclosure by statute, Fed. R. Crim. P. 6E; also outside the scope of the FOIA request; unsegregable 3rd party information, no mention of Jerry Lewis Bey or the Moorish Science Temple. |
| 169-173 | Reports of Investigation: Pres. Narcotic Task Force | (b)(7)(C) Released in Part | Unsegregable 3rd party information; sections with no mention of Jerry Lee Lewis or the Moorish Science Temple; Names and identifying information of Federal law enforcement personnel. |
| 174 | Report of Investigation | (b)(2) (b)(7)(C) (b)(7)(D) Released in Part | Internal administrative identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Name and identifying information of state/local law enforcement personnel; Names and identifying information of third-parties in a law enforcement file; Name and identifying information of a confidential source. |
| 175-181 | Reports of Investigation | (b)(2)[23] (b)(7)(C) (b)(7)(D)[24] Released in Part | Internal administrative identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Name and identifying information of state/local law enforcement personnel; Names and identifying information of third-parties in a law enforcement file; Name and identifying information of a confidential source; unsegregable 3rd party information; sections with no mention of Jerry Lee Lewis or the Moorish Science Temple. |
| 182 | Report of Investigation Continuation Sheet | (b)(2) (b)(7)(C) (b)(7)(D) Released in Part | Internal administrative identifying information that could reveal a confidential source or undercover; Names and identifying information of Federal law enforcement personnel; Names and identifying information of third-parties in a law enforcement file; identifying information of a confidential source. |
| 183-186 | Reports of Investigation- Narcotic Task Force | (b)(7)(C) | Names and identifying information of Federal law enforcement |

---

[23] (b)(2) was added here in conjunction with all uses of (b)(7)(D) to protect the identities of confidential sources.
[24] (b)(7)(D) was correctly used on 175 and 176, but should also be included on page 178.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| | | (b)(7)(D) Released in Part | personnel; Names and identifying information of third-parties in a law enforcement file; Names and identifying information of a confidential source. |
| 187 | Report of Investigation Continuation Sheet | (b)(5) (b)(7)(C) Released in Part | Documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction as it contains beliefs and thoughts of the special agent; Names and identifying information of third-parties in a law enforcement file. |
| 188, 190 | Report of Investigation Continuation Sheet | Released in Full | |
| 189 | Report of Investigation (2) | (b)(7)(C) (b)(7)(D) Released in Part | Names and identifying information of Federal law enforcement personnel; Names and identifying information of third-parties in a law enforcement file; identifying information of confidential sources. |
| 191-230 | Reports of Use of Consensual Electronic Surveillance | (b)(2) (b)(7)(C) Released in Part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database and Internal administrative identifying information that could reveal an undercover; Names and identifying information of Federal law enforcement personnel. |
| 231 | Investigation Profile Record | (b)(2) (b)(7)(C) Released in Part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of Federal law enforcement personnel. |
| 232 | Personal History/TECS Input | Released in Full | |
| 233 | Personal History Continued[25] | (b)(7)(C) Released in Part | Names and identifying information of Federal law enforcement personnel; name and identifying information of third-parties in a law enforcement file. |
| 234-237 | TECS Files/ Personal History | (b)(2) (b)(7)(C) Released in Part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Names and identifying information of Federal law enforcement personnel; Names and identifying information third-parties in a law enforcement file. |
| 238-239 | Investigation Profile Record | (b)(2) (b)(7)(C)[26] | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement |

---

[25] The Exemption on this page was left off the bottom inadvertently, but it should have been (b)(7)(C).

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| | | Released in Part | database; identifying information of Federal law enforcement personnel. |
| 240 | United States Government Memorandum | (b)(7)(C) Released in Part | Name of Federal law enforcement personnel. |
| 241-242 | Personal History/TECS Input | (b)(2)[27] (b)(7)(C) Released in Part | Law enforcement codes and internal administrative information that could be used to circumvent a criminal law enforcement database; Name and identifying information of third-party in a law enforcement file. |
| 243 | Metro Police Dep't St. Louis Intra Dep't Report | (b)(7)(C) Released in Part | Names and identifying information of state and local law enforcement personnel; names and identifying information of third-parties in a law enforcement file. |
| 244 | Poster/Photograph from Newspaper Article | (b)(7)(C) Released in Part | Faces redacted to protect the identifying information of third-parties in a law enforcement file. |
| 245-247 | Photographs of Noble Drew Ali and King Hassan; Article written by King Hassan | Released in Full | |
| 248 | Advertisement Saluting Noble Drew Ali | (b)(7)(C) | Faces and names redacted to protect the identifying information of third-parties in a law enforcement file. |
| 249-251 | Advertisements | Released in Full | |
| 252 | Table of Contents Page | (b)(7)(C) Released in Part | Names and identifying information of third-parties in a law enforcement file. |
| 253 | Letter to Moorish American Committee | (b)(7)(C) Released in Part | Face and names of third-parties in a law enforcement file. |

---

[26] (b)(7)(C) should have been claimed here because the code also would reveal the identity of a federal law enforcement officer. We are claiming it now.

[27] (b)(2) should have also been included here to redact law enforcement codes. Disclosure Division is claiming it now.

12

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY**
**FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 254 | Thank you Letter for Tribure | (b)(7)(C) Released in Part | Face and names of third-parties in a law enforcement file. |
| 255-262 | Proclamations and Resolution | Released in Full | |
| 263 | Letter | (b)(7)(C) Released in Part | Name and identifying information of third-party in a law enforcement file.[28] |
| 264 | United States Congressional Petition | Released in Full | |
| 265 | Photograph: Tomorrow Belongs to the Children…. | (b)(7)(C) Released in Part | Faces redacted to protect the identity of third-parties in a law enforcement file. |
| 266 | Noble Drew Ali Agenda | Released in Full | |

---

[28] Page 263 was only released in part because it contained information exempted by (b)(7)(C); however, (b)(7)(C) was inadvertently not written on the actual page that was disclosed.

**VAUGHN INDEX OF DELETIONS IN DISCLOSURE TO JERRY LEWIS BEY
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES**

| | | | |
|---|---|---|---|
| 267 | Award Honorees Sheet | (b)(7)(C) Released in Part | Names and identifying information of third-parties in a law enforcement file. |
| 268-269 | Award Write Up and Newspaper Article | Released in Full | |
| 270 | Keynote Speaker Sheet | (b)(7)(C) | Names and identifying information of third-parties in a law enforcement file.[29] |
| 271-273 | Centennial Remembrance of Noble Drew Ali | Released in Full | |
| 274-276 | Moorish Awards Luncheon, Dinner, Breakfast | (b)(7)(C) Released in Part | Names and identifying information of third-parties in a law enforcement file.[30] |
| 277-280 | Biography, Advertising, Photographs | (b)(7)(C) Released in Part | Faces and names of third-parties in a law enforcement file. |
| 281-284 | Advertising Materials | Released in Full | |
| 285-288 | Moorish Institute Photographs | (b)(7)(C) Released in Part | Faces and names of third-parties in a law enforcement file. |
| 289-290 | Advertisements | Released in Full | |
| 291-296 | Bulletin Notices and Advertisements | (b)(7)(C) Released in Part | Names and identifying information of third-parties in a law enforcement file.[31] |
| 297-337 | Magazine/Newspaper Articles | Released in Full | |

---

[29] Page 270 was only released in part because it contained information exempted by (b)(7)(C); however, (b)(7)(C) was inadvertently not written on the actual page that was disclosed.

[30] Pages 274-280 were only released in part because it contained information exempted by (b)(7)(C); however, (b)(7)(C) was inadvertently not written on the actual page that was disclosed.

[31] Pages 285-296 were redacted because they contained information exempted under (b)(7)(c). Due to a clerical error, (b)(7)(c) was not written on the actual page that was disclosed.